1 GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, State Bar No. 57117
2 JONATHAN A. ELDREDGE, State Bar No. 238559
One Walnut Creek Center
3 100 Pringle Avenue, Suite, 500
Walnut Creek, CA 94596
4 Telephone:  (925) 210-2800
Facsimile:  (925) 945-1975
5 E-mail: cglynn@glynnfinley.com
          jeldredge@glynnfinley.com
6
KLARQUIST SPARKMAN, LLP
7 JEFFREY S. LOVE, State Bar No. 195068
121 S.W. Salmon Street, Suite 1600
8 Portland, Oregon  97204-2988
Telephone:  (503) 595-5300
9 Facsimile:  (503) 595-5301
E-mail: jeffrey.love@klarquist.com
10
Attorneys for Plaintiffs
11 GENERAL ELECTRIC COMPANY AND
GE WIND ENERGY, LLC
12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15
                                              )   **Case No.**
16 GENERAL ELECTRIC COMPANY, a New )
York corporation; and GE WIND ENERGY, )    **COMPLAINT FOR**
17 LLC, a Delaware limited liability company, )  **1)   DECLARATORY RELIEF**
                                              )   **2)   BREACH OF CONTRACT**
18               Plaintiffs,                   )   **3)   SPECIFIC PERFORMANCE;**
                                              )        **AND**
19        vs.                                  )   **4)   INJUNCTIVE RELIEF**
                                              )
20 THOMAS WILKINS, an individual,             )   **DEMAND FOR JURY TRIAL**
                                              )
21               Defendant.                    )
                                              )
22 ──────────────────────────────────────────)

23        Plaintiffs General Electric Company and GE Wind Energy, LLC (collectively "GE")

24 bring this action against defendant Thomas A. Wilkins ("Wilkins") and allege as follows:

25                              **<u>INTRODUCTION</u>**

26        1.      GE is a leader in the development of energy technologies.  One of GE's areas of

27 innovation is the area of sustainable energy.  In an effort to make sustainable and clean energy

28 more widely available, GE has devoted resources to create a large amount of technology

- 1 -
COMPLAINT

1   surrounding the use of wind energy to generate electricity.  As a result of its efforts GE has

2   acquired many patents relating to wind turbines.

3       2.      One of those patents is U.S. Patent No. 6,921,985 ("the '985 patent").  The '985

4   patent lists five inventors and is assigned on its face to GE.  At the time of their invention, the

5   five inventors named on the '985 patent were employed by GE in Salzbergen, Germany, to

6   develop systems and methods that would allow wind turbines to ride through low voltage events.

7    All five inventors named on the '985 patent have assigned their rights in the '985 patent to GE,

8   their employer at the time their invention was conceived and developed.

9       3.      GE is currently asserting the '985 patent in ongoing actions against Mitsubishi

10  Heavy Industries LTD, et al. ("MHI") in both the United States International Trade Commission

11  (Inv. No. 337-TA-641) and the U.S. District Court for the Southern District of Texas (2:09-cv-

12  00229 (currently stayed)) (jointly the "Actions").

13      4.      Wilkins was employed as an electrical engineer by Enron Wind Corp. ("Enron")

14  from approximately April 1998 to May 2002.  In May 2002, GE acquired the assets of Enron.  At

15  that time, Wilkins became a GE employee at 13000 Jameson Rd., Tehachapi, CA.  Wilkins was

16  employed by GE from May to December 2002, when he voluntarily resigned.  At all times

17  during his employment with Enron and GE, Wilkins' primary workplace was at the Tehachapi,

18  California offices.

19      5.      MHI has employed Wilkins as a consultant in the Actions.  Wilkins has asserted

20  that he is an unnamed co-inventor of the '985 patent.  MHI has relied upon Wilkin's assertion to

21  challenge GE's standing to bring the Actions and the enforceability of the '985 patent.

22      6.      The value of the '985 patent exceeds $75,000.  The financial impact of the cloud

23  placed on the ownership and title of the '985 patent and its impact on GE's litigation with MHI

24  exceed $75,000.

25      7.      Another GE patent relating to wind turbines is U.S. Patent No. 6,924,565, ("the

26  '565 patent").  The '565 patent names seven inventors on its face and lists GE as the assignee of

27  record.  One of the named inventors of the '565 patent is Wilkins.

28  / / /

8.   GE applied for the '565 patent after Wilkins terminated his employment with GE. GE requested that Wilkins sign documents in the course of the prosecution of the application for the '565 patent.  Wilkins refused to sign the declaration that is required of named inventors. Wilkins has never signed an assignment expressly assigning the '565 patent to GE, despite GE's request that he do so.

9.   The value of the '565 patent exceeds $75,000.  Wilkins' actions have placed a cloud on the ownership and title of the '985 and '565 patents.  In the case of the '985 patent this cloud is interfering with GE's rights to enforce its valuable patent rights.

10.   Among other relief, GE seeks a declaration that Wilkins is obligated under common law and contract to assign to GE all intellectual property developed in the course of his employment by Enron and GE, and seeks an order of specific performance that Wilkins execute all necessary documents to formally assign to GE any rights he may have or claim to have in the '985 and '565 patents.

**THE PARTIES**

11.   Plaintiff General Electric Company is a New York corporation with its principal place of business in Connecticut.

12.   Plaintiff GE Wind Energy, LLC is a California limited liability company, and its membership interests are held by Delaware corporations with principal places of business in Missouri and Kentucky.

13.   On information and belief, GE alleges that Wilkins resides in Tehachapi, California, and is a citizen of California.

14.   On information and belief, GE alleges that Wilkins has resided within this District at all times relevant to this action.

**JURISDICTION AND VENUE**

15.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000 exclusive of interest and costs.

/ / /

- 3 -
COMPLAINT

16.   This Court may enter the declaratory relief sought because this case presents an actual controversy and is within this Court's jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

17.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because Wilkins is a resident of this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**<u>BACKGROUND</u>**

18.   Wilkins' job responsibilities while employed by Enron and GE included the design, development, installation and testing of wind turbine generators.  In the course of his work, Wilkins was expected to improve and innovate in the area of wind turbine generators.  Wilkins was expressly hired by Enron and GE to invent.

19.   As a condition of his employment with Enron, Wilkins was required to sign, and did sign, a Confidentiality and Inventions Agreement ("C&I Agreement").  The C&I Agreement provided, *inter alia*, that Wilkins agreed "upon the Company's request and without the need for further consideration, to execute any and all documents and take such actions which may be necessary in the Company's judgment to assign all rights to any Invention Idea to the Company and to obtain patent or other intellectual property protections for any Invention Idea . . . ."  Under the terms of the C&I Agreement, Wilkins was and is obligated to assign any interest he may have in the '985 and '565 patents to GE.

20.   Once Wilkins became an employee of GE, he was required to execute and, on information and belief GE alleges he did execute, GE's Employee Innovation and Proprietary Information Agreement ("EIPI Agreement").  The EIPI Agreement provided, *inter alia*, that Wilkins agreed "to disclose and assign to the Company (or as the Company may direct) as its exclusive property, all inventions, discoveries, innovations, improvements, trade secrets and technical or business information which [he] may solely or jointly develop, conceive, reduce to practice or author during the period of [his] employment . . . ."  Under the terms of the EIPI Agreement, Wilkins was and is obligated to assign any interest he may have in the '985 and '565 patents to GE.

21.   As a condition of his employment with GE, Wilkins was required to sign, and did sign, an acknowledgment that he was required to comply with the policies described in the guide:  "GE Policies.  Integrity:  The Spirit the Letter of our Commitment" ("GE Policy Guide"), which also made clear Wilkins' obligations with respect to the intellectual property in dispute.

22.   In addition to his contractual obligations, Wilkins was obligated under common law to assign to Enron intellectual property developed during the course of his employment with Enron.

23.   By virtue of its acquisition of Enron's assets, GE stepped into the shoes of Enron with respect to Wilkins' obligations concerning ownership and assignment of intellectual property.

24.   In addition to his contractual obligations, Wilkins was obligated under common law to assign to GE intellectual property developed during the course of his employment with GE.

25.   Wilkins has violated his agreements to assign to GE intellectual property developed in the course of his employment with Enron and GE, as well as his obligations arising under California common law.

26.   Wilkins' actions have damaged GE and will continue to damage GE unless the cloud over title to its intellectual property is removed and Wilkins is specifically compelled to comply with his assignment obligations to GE.

## **FIRST CLAIM FOR RELIEF**

### (Declaratory Relief)

27.   GE incorporates and repleads by this reference paragraphs 1-24.

28.   An actual controversy exists between GE on the one hand and Wilkins on the other with respect to the '985 and '565 patents in that GE contends, and Wilkins denies, that GE is the sole and rightful owner of each patent, and that Wilkins is required to assign any rights or claimed rights he has in both patents to GE.  Moreover, Wilkins may contend, in which case GE denies, that Wilkins has an ownership interest in other intellectual property developed in the course of his employment with Enron and GE.

/ / /

1         29.   GE is entitled to a declaration as between it and Wilkins that GE is the sole legal

2   and equitable owner of the '985 and '565 patents, that Wilkins has no ownership interest in

3   either patent and to an order that Wilkins execute any necessary documents to formally confirm

4   GE's ownership and to remove the cloud on GE's ownership created by his failure to do so.  GE

5   is further entitled to a declaration that as between it and Wilkins, GE is the sole legal and

6   equitable owner of any intellectual property developed in the course of his employment while he

7   was an employee of Enron and/or GE.

8                     **SECOND CLAIM FOR RELIEF**

9                          (Breach of Contract)

10        30.   GE incorporates and repleads by this reference paragraphs 1-27.

11        31.   Pursuant to the C&I Agreement, the EIPI Agreement and the GE Policy Guide

12  (collectively the "Agreements"), Wilkins was required to assign to GE any interest he claimed to

13  have in the '985 and '565 patents.

14        32.   Wilkins has breached his obligation pursuant to the Agreements to assign to GE

15  any interest he claims to have in the '985 and '565 patents.

16        33.   GE has performed or been excused from performing all of its obligations under the

17  Agreements.

18        34.   As a direct and proximate result of Wilkins' breaches, GE has suffered damages in

19  excess of $75,000 exclusive of interest and costs.  GE will set forth the full amount of said

20  damages when they are more fully ascertained or proven.

21                     **THIRD CLAIM FOR RELIEF**

22                       **(Specific Performance)**

23        35.   GE incorporates and repleads by this reference paragraphs 1-32.

24        36.   GE has no adequate remedy at law and is therefore entitled to an order requiring

25  that Wilkins specifically perform his obligation to assign his rights or claimed rights in both

26  patents to GE pursuant to the Agreements and California common law.

27  / / /

28  / / /

COMPLAINT

# FOURTH CLAIM FOR RELIEF

## (Injunctive Relief)

37.   GE incorporates and repleads by this referenced paragraphs 1-34.

38.   On information and belief GE alleges that Wilkins has or shortly will take steps to grant to one or more third parties purported license rights involving the technology and intellectual property that in reality is owned by GE.

39.   Unless the Court enters a preliminary and permanent injunction preventing any such conduct by Wilkins, GE will suffer irreparable harm in that (a) pecuniary compensation would not be adequate, (b) it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief; and (c) restraint is necessary to prevent a multiplicity of judicial proceedings.

40.   Accordingly, GE requests that the Court issue a preliminary and permanent injunction as hereinafter set forth.

# PRAYER

WHEREFORE, GE requests entry of judgment in its favor and against Wilkins as follows:

A.   For a declaration that GE is the sole legal and equitable owner of the '985 and '565 patents;

B.   For a declaration that Wilkins has an obligation to assign to GE any and all rights or claimed rights to such intellectual property he may have developed in the course of his employment by Enron or GE;

C.   For an order compelling Wilkins to specifically perform his obligations to assign to GE all rights or claimed rights to intellectual property, including the '985 and '565 patents;

D.   For a preliminary and permanent injunction (1) requiring Wilkins and all those acting in concert with him to assign to GE all rights to intellectual property developed or claimed to have been developed by Wilkins in the course of his employment with Enron or GE; (2) from taking any steps whatsoever purporting to license or grant other rights to third parties in GE's intellectual property, including but not limited to the '985 and '565 patents; and (3) engaging in

COMPLAINT

1   any conduct that would convey or tend to convey to third parties that Wilkins has any ownership

2   interest in the '985 or '565 patents, or that he has any rights in any other intellectual property

3   developed in the course of his employment with Enron or GE.

4       E   For compensatory damages in excess of $75,000 according to proof;

5
        F.  For pre-judgment interest on all compensatory damages;
6

7       G.  For its costs incurred in connection with this action; and;

8       H.  For such other and further relief as the Court deems proper.

9

10       Dated: April 15, 2010

11                                          GLYNN & FINLEY, LLP
                                            CLEMENT L. GLYNN
12                                          JONATHAN A. ELDREDGE
                                            One Walnut Creek Center
13                                          100 Pringle Avenue, Suite 500
                                            Walnut Creek, CA  94596
14
                                            KLARQUIST SPARKMAN, LLP
15                                          JEFFREY S. LOVE
                                            121 S.W. Salmon Street, Suite 1600
16                                          Portland, Oregon  97204-2988

17
                                            By____/s/ Jonathan A. Eldredge_____
18                                             Attorneys for Plaintiffs
                                               General Electric Company and GE Wind
19                                             Energy, LLC

20

21

22

23

24

25

26

27

28

---
- 8 -
COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

GE demands a jury trial on all claims so triable.

3

4    Dated: April 15, 2010

5                                          GLYNN & FINLEY, LLP
                                           CLEMENT L. GLYNN
6                                          JONATHAN A. ELDREDGE
                                           One Walnut Creek Center
7                                          100 Pringle Avenue, Suite 500
                                           Walnut Creek, CA  94596

8                                          KLARQUIST SPARKMAN, LLP
9                                          JEFFREY S. LOVE
                                           121 S.W. Salmon Street, Suite 1600
10                                         Portland, Oregon  97204-2988

11
                                           By____/s/ Jonathan A. Eldredge_____
12                                           Attorneys for Plaintiffs
                                             General Electric Company and GE Wind
13                                           Energy, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT