GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, State Bar No. 57117
JONATHAN A. ELDREDGE, State Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite, 500
Walnut Creek, CA 94596
Telephone:  (925) 210-2800
Facsimile:  (925) 945-1975
E-mail: cglynn@glynnfinley.com
        jeldredge@glynnfinley.com

KLARQUIST SPARKMAN, LLP
JEFFREY S. LOVE, State Bar No. 195068
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204-2988
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301
E-mail: jeffrey.love@klarquist.com

Attorneys for Plaintiffs
GENERAL ELECTRIC COMPANY AND
GE WIND ENERGY, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, a New York corporation; and GE WIND ENERGY, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS WILKINS, an individual, <br><br> Defendant. | **Case No. CV 10-00674-OWW-JLT** <br><br> **STIPULATED TEMPORARY RESTRAINING ORDER AND SCHEDULING ORDER** |

WHEREAS, on April 15, 2010, Plaintiffs General Electric Company and GE Wind Energy, LLC (collectively "GE") filed their unverified complaint against Defendant Thomas Wilkins ("Wilkins") for declaratory relief, breach of contract, injunctive relief and specific performance related to United States Patent Nos. 6,924,565 and 6,921,985 (the "'565 and '985 Patents") (Docket No. 1); and

- 1 -
STIPULATED TEMPORARY RESTRAINING ORDER AND SCHEDULING ORDER

///

WHEREAS, GE contends that it is the sole owner of the equitable and legal rights to the '565 and '985 Patents; and

WHEREAS, Wilkins' counsel, on behalf of Wilkins, contends that the International Trade Commission, in their opinion dated January 19, 2010, in the matter of Investigation No. 337-TA-641, at page 35, stated that *"*Wilkins is an unnamed inventor of claim 15 of the '985 patent, that GE has not provided any showing to the effect that Wilkins had an obligation to assign the patent to GE . . . .  As an inventor, Wilkins does have an equitable interest that can be perfected to legal title . . .;" and

WHEREAS, Wilkins' counsel, on behalf of Wilkins, further contends that Thomas Alexander Wilkins, the man, is the primary inventor of, among other things, the technologies known as Ride Through for Wind Turbines, Low Voltage Ride Through For Wind Turbines, Power Factor Control For Wind Turbines, Reactive Power Control For Wind Turbines, and Continuous Reactive Power Control For Wind Turbines, and was the primary inventor of various other claims in the '985 and '565 patents.  Wilkins claims to have inventorship rights in those inventions, which rights Wilkins claims have never been assigned to any entity, including GE; and

WHEREAS, on July 9, 2010, GE filed a motion for a preliminary injunction to enjoin Wilkins from *inter alia* licensing the rights to the '565 and '985 Patents pending a trial on the merits (Docket No. 15); and

WHEREAS, on July 15, 2010, Wilkins filed a motion to dismiss GE's complaint on statute of limitations grounds (Docket No. 26); and

WHEREAS, on July 26, 2010, GE filed a motion for a temporary restraining order to enjoin Wilkins from *inter alia* licensing the rights to the '565 and '985 Patents pending hearing on the motion for a preliminary injunction (Docket No. 30); and

STIPULATED TEMPORARY RESTRAINING ORDER AND SCHEDULING ORDER

WHEREAS, Wilkins and GE neither admit nor deny anything herein or otherwise by means of agreeing to this stipulation, and Wilkins reserves the right to oppose GE's motion for a preliminary injunction, including the bond amount;

/ / /

WHEREAS, the parties stipulate and agree that:

1. GE's motion for a temporary restraining order (Docket No. 30) is denied as moot;
2. The hearing date for GE's motion for a preliminary injunction (Docket No. 15) is taken off calendar pending the hearing on Wilkins' motion to dismiss;
3. The hearing date for Wilkins' motion to dismiss (Docket No. 26) shall be set on a date agreeable to the Court at the earliest practicable opportunity, and the briefing
4. 
5. schedule shall be pursuant to the Local Rules; and
6. The Court will set a hearing date and briefing schedule for GE's motion for a preliminary injunction at the hearing on Wilkins' motion to dismiss.  The parties request that the hearing on GE's motion for a preliminary injunction be set within 35 days of the hearing on Wilkins' motion to dismiss.

THEREFORE, the parties stipulate and agree that pending GE's hearing on the motion for a preliminary injunction that neither Wilkins, nor any person or entity acting in concert with Wilkins, shall:

1. Take any steps to license, purport to license, grant, or purport to grant, rights to third parties in GE's Patent Nos. 6,924,565 and 6,921,985 (the "'565 and '985 Patents"); or
2. Modify or extend the license agreement with Mitsubishi Heavy Industries, Ltd. and/or related entities related to GE's '565 and '985 Patents; or
3. Engage in any conduct that would convey or tend to convey to third parties that Wilkins is licensing or will license any ownership interest in the '565 or '985 Patents; or

4. Represent on his website or otherwise, unless under oath in judicially required or requested testimony, that he believes he has an ownership interest in the '565 and '985 Patents, or that he believes he has the lawful right to license under the '565 and '985 Patents.

///

///

Wilkins, through his counsel, hereby asserts that these orders are, or could be, a significant suspension of Wilkins' rights under the law.

Dated: July 30, 2010

   /s/ Jonathan A. Eldredge____
Jonathan A. Eldredge
Attorney for Plaintiffs

Dated: July 30, 2010

   /s/ Michael L. Schulte (as authorized 7/30/2010)
Michael L. Schulte
Attorney for Defendant

PURSUANT TO THE STIPULATION OF THE PARTIES, the Court hereby ORDERS that:

1. GE's motion for a temporary restraining order (Docket No. 30) is denied as moot;
2. The hearing date for GE's motion for a preliminary injunction (Docket No. 15) is taken off calendar pending the hearing on Wilkins' motion to dismiss;
3. The hearing date for Wilkins' motion to dismiss (Docket No. 26) shall be on September 27, 2010 at 10:00AM.
4. The briefing schedule on Wilkins' motion to dismiss shall be pursuant to the Local Rules; and
5. The Court will set a hearing date and briefing schedule for GE's motion for a preliminary injunction at the hearing on Wilkins' motion to dismiss.

THE COURT FURTHER ORDERS that Wilkins (and all those acting in concert with him) be enjoined as follows pending GE's hearing on the motion for a preliminary injunction:

STIPULATED TEMPORARY RESTRAINING ORDER AND SCHEDULING ORDER

1.  Taking any steps to license, purport to license, grant, or purport to grant, rights to third parties in GE's Patent Nos. 6,924,565 and 6,921,985 (the "'565 and '985 Patents"); or

2.  Modifying or extending the license agreement with Mitsubishi Heavy Industries, Ltd. and/or related entities related to GE's '565 and '985 Patents; or

/ / /

/ / /

3.  Engaging in any conduct that would convey or tend to convey to third parties that Wilkins is licensing or will license any ownership interest in the '565 or '985 Patents; or

4.  Representing on his website or otherwise, unless under oath in judicially required or requested testimony, that he believes he has an ownership interest in the '565 and '985 Patents, or that he believes he has the lawful right to license under the '565 and '985 Patents.

IT IS SO ORDERED.

Dated:  **July 30, 2010**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

- 5 -
STIPULATED TEMPORARY RESTRAINING ORDER AND SCHEDULING ORDER