**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GENERAL ELECTRIC COMPANY,** | 1:10-cv-00674-OWW-JLT |
| Plaintiff, | **MEMORANDUM DECISION REGARDING DEFENDANT'S MOTION TO DISMISS (Doc. 26)** |
| v. | |
| **THOMAS WILKINS,** | |
| Defendant. | |

## I. INTRODUCTION.

Plaintiff General Electric Company("Plaintiff") proceeds with an action against Defendant Thomas Wilkins ("Defendant"). On July 15, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. 26). Plaintiff filed opposition to the motion to dismiss on September 9, 2010. (Doc. 43). Defendant filed a reply on September 21, 2010. (Doc. 47).

## II. FACTUAL BACKGROUND.

Plaintiff is a developer of energy technologies and the holder of U.S. Patent Nos. 6,921,985 ("'985 Patent") and 6,924,565, ("the'565 patent"). (Complaint at 1-2). Plaintiff is currently asserting its rights in the '985 patent in ongoing actions against Mitsubishi Heavy Industries LTD, et al. ("MHI") in both the United States International Trade Commission and the U.S. District Court for the Southern District of Texas ("the Actions"). (Complaint at

1

2). MHI has employed Defendant as a consultant in the Actions and has relied upon Defendant's assertions to challenge Plaintiff's standing to bring the Actions as well as the enforceability of the '985 patent. (Complaint at 2).

Defendant is listed as one of seven inventors of the '565 patent and has asserted that he is an unnamed co-inventor of the '985 patent. (Complaint at 2).  Defendant was employed as an electrical engineer by Enron Wind Corp. ("Enron") from approximately April 1998 to May 2002. (Complaint at 2).  In May 2002, Plaintiff acquired the assets of Enron; at that time, Defendant became an employee of Plaintiff's at 13000 Jameson Rd., Tehachapi, California. (Complaint at 2).  Defendant voluntarily resigned from Plaintiff's employ in December, 2002. (Complaint at 2).

Defendant's job responsibilities while employed by Enron and Plaintiff included the design, development, installation and testing of wind turbine generators. (Complaint at 4).  In the course of his work, Defendant was expected to improve and innovate in the area of wind turbine generators. (Complaint at 4). Defendant was expressly hired by Enron and Plaintiff to invent such wind technology.  (Complaint at 4).

As a condition of his employment with Enron, Defendant signed a Confidentiality and Inventions Agreement ("C&I Agreement"). (Complaint at 4).  The C&I Agreement provided, *inter alia*, that Defendant agreed "upon the Company's request and without the need for further consideration, to execute any and all documents and take such actions which may be necessary in the Company's judgment to assign all rights to any Invention Idea to the Company and to

**2**

obtain patent or other intellectual property protections for any Invention Idea ." (Complaint at 4). Under the terms of the C&I Agreement, Defendant was obligated to assign any interest in the '985 and '565 patents to Plaintiff. (Complaint at 4).

Upon becoming an employee of Plaintiff, Defendant was required to execute Plaintiff's Employee Innovation and Proprietary Information Agreement ("EIPI Agreement"). (Complaint at 4). The EIPI Agreement provided, *inter alia*, that Defendant agreed "to disclose and assign to the Company (or as the Company may direct) as its exclusive property, all inventions, discoveries, innovations, improvements, trade secrets and technical or business information which [he] may solely or jointly develop, conceive, reduce to practice or author during the period of [his] employment." (Complaint at 4). Under the terms of the EIPI Agreement, Defendant was obligated to assign any interest in the '985 and '565 patents to Plaintiff. (Complaint at 4). Defendant was also required to sign an acknowledgment that he was required to comply with the policies described in the guide: "GE Policies. Integrity: The Spirit the Letter of our Commitment" ("GE Policy Guide"), which also specified Defendant's obligations with respect to the intellectual property in dispute. (Complaint at 5).

Plaintiff applied for the '565 patent after Defendant terminated his employment with Plaintiff. (Complaint at 3). Plaintiff requested that Defendant sign documents in the course of the prosecution of the application for the '565 patent, but Defendant refused. (Complaint at 3). Defendant has never signed an assignment expressly assigning the '565 patent to Plaintiff, despite Plaintiff's request that he do so. (Complaint at 3).

**3**

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct.

910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### IV. Discussion

**A. Defendant's Position**

Defendant contends that Plaintiff's action is barred by the applicable statute of limitations. Defendant asks the court to take judicial notice of a petition to the Patent Office filed by Plaintiff in 2004, which indicates that Defendant refused to sign an Inventor Declaration and Power of Attorney form in connection with the patent application. Defendant argues that the patent petition establishes that Defendant's breach occurred when he refused to sign the Inventor Declaration and Power of Attorney form in 2004.

5

As discussed above, when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint." *E.g. Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotation omitted). As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Id*. Rule 12(d) expressly provides that when:

> matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(d) (emphasis added).

There are two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. *Lee*, 250 F.3d at 688. First, a court may consider material which is properly submitted as part of the complaint. *Id*. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Id*. Second, a court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201.

Defendant seeks to rely on the judicial notice exception to Rule 12(d) in presenting extrinsic evidence in support of his motion to dismiss. Defendant contends that the court may take judicial notice of the patent petition, as it constitutes a public record. Defendant points to a declaration contained in the patent petition by one of Plaintiff's attorneys, Paul Mendonsa, which

states:

> On February 11, 2004, I spoke with [Defendant] via telephone and [Defendant] informed me that he was not willing to sign the Inventor Declaration and Power of Attorney form fro [sic] the above-referenced patent application.

(Motion to Dismiss, Ex. 1, Mendonsa Dec. at 2).  According to Defendant, Mendonsa's declaration in the patent petition establishes that Defendant breached his obligations under the operative contracts in 2004.

To the extent Plaintiff's claim for breach is predicated solely on Defendant's refusal to "execute...documents... necessary ...to obtain patent or other intellectual property protections," (Complaint at 4), statements contained in a judicially noticeable document suggest that Plaintiff's claim may be barred by the statute of limitations.  However, because the complaint is ambiguous with respect to the nature of Defendant's alleged breach or breaches, it is not possible to determine whether Plaintiff's entire action is time-barred.  Accordingly, the complaint must be DISMISSED.

**B.  Leave to Amend**

Defendant contends that leave to amend should not be granted because "indisputable judicially noticeable facts establish that GE had notice of its claims against Mr. Wilkins more than four years before it filed the Complaint."  (Motion to Dismiss at 10). Defendant's contention is premised on a misunderstanding of the scope of judicial notice.

Although judicial notice generally may be taken of Patent and Trademark Office documents, *e.g. Vitek Systems, Inc. v. Abbott Laboratories*, 675 F.2d 190, 192 n.4 (8th Cir. 1982), judicial

notice may not be taken of contested factual information contained within such documents, *see, e.g., NLRB v. Big Bear Supermarkets # 3*, 640 F.2d 924, 926 n.1 (9th Cir. 1980) (declining to take judicial notice of letters where the contents of the letters were subject to reasonable dispute). Here, the parties dispute whether Defendant's refusal to sign the Inventor Declaration and Power of Attorney form in 2004 constituted a breach of Defendant's all of Plaintiff's duties under the operative contracts. Contrary to Defendant's assertion, the fact that Defendant "was not willing to sign the Inventor Declaration and Power of Attorney form" does not conclusively establish that Defendant breached all of his contractual obligations in 2004. For example, to the extent that Plaintiff had failed to perform a condition precedent to Defendant's assignment obligation as of February 11, 2004, Defendant's unwillingness to sign the Inventor Declaration and Power of Attorney may not have constituted a breach at all. Further, to the extent that the operative contracts imposed duties separate from the duty to sign patent documents, Plaintiff may be able to amend the complaint to state breaches that occurred within the limitations period. Whether Defendant breached all of his contractual obligations in 2004 cannot be determined absent examination of extrinsic evidence that is not subject to judicial notice. Accordingly, Plaintiff is granted leave to amend.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) The complaint is DISMISSED, without prejudice;

2) Plaintiff shall lodge a formal order consistent with this memorandum decision within five (5) days following electronic

service of this decision by the clerk.  Plaintiff shall file an amended complaint within fifteen (15) days of the filing of the order.  Defendant shall file a response within fifteen (15) days of receipt of the amended complaint.

IT IS SO ORDERED.

**Dated:   October 7, 2010**               /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE