1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GENERAL ELECTRIC COMPANY,** | **1:10-cv-00674-OWW-JLT** |
| **Plaintiff,** | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 112)** |
| **v.** | |
| **THOMAS WILKINS,** | |
| **Defendant.** | |

14  **I. <u>INTRODUCTION</u>.**

15      Plaintiff General Electric Company("Plaintiff") proceeds with
16  an action against Defendant Thomas Wilkins ("Defendant") for
17  damages and injunctive relief.

18      On October 18, 2010, during a hearing on Plaintiff's motion
19  for preliminary injunction, the court orally ruled that Defendant
20  was precluded from offering his own testimony in opposition to
21  Plaitniff's motion due to Defendant's obstructive conduct at his
22  court-ordered deposition. (Doc. 88 at 2).

23      On November 30, 2010, Defendant filed a document entitled
24  "Reservation of Rights Brief as Requested by Court on October 18,
25  2010 and Request for Reconsideration" ("Defendant's November 30
26  Brief"), as well as a declaration signed by Defendant. (Doc.

27
28

**1**

1  112).[1]  Defendant's November 30 Brief asks the court to reconsider
2  its decision to bar Defendant from offering testimony in opposition
3  to Plaintiff's motion for preliminary injunction.

4      Plaintiff  filed  opposition  to  Defendant's  motion  for
5  reconsideration on December 3, 2010.  (Doc. 118).  Defendant filed
6  a reply to Plaintiff's opposition on December 14, 2010.  (Doc.
7  123).

8                    **II. <u>FACTUAL BACKGROUND</u>.**

9      On October 5, 2010, the court ordered that certain witnesses
10 be deposed regarding the issues raised by Plaintiff's motion for
11 preliminary injunction.  (Doc. 55).  Defendant Thomas Alexander
12 Wilkins was one of the witnesses subject to the court's October 5
13 order.  Due to the parties inability to agree on logistics, on
14 October 12, 2010, Defendant appeared at the United States District
15 Court in Fresno for his deposition, accompanied by his attorney.
16 Defendant identified himself as "Thomas Alexander Wilkins *on behalf*
17 *of Thomas Wilkins*."  (Doc. 99, Ex. B at 5)(emphasis added). When
18 the court reporter attempted to administer the standard witness'
19 oath[2] to Defendant, Defendant responded by asking the deposition
20 reporter and videographer to agree to "full commercial liability."
21 The following exchange took place:

22

23      [1] Contrary to the title of Defendant's document, the court did not request
24 briefing on Defendant's "reservation of rights" theory. (Doc. 88 at 5).

25      [2] The Ninth Circuit has described the term "oath" as a "solemn declaration,
   accompanied by a swearing to God or a revered person or thing, that one's
26 statement is true," and the term "affirmation" as a "pledge equivalent to an oath
   but without reference to a supreme being or to 'swearing;'" both are sufficient
27 to place a witness under penalty of perjury. *United States v. Bueno-Vargas*, 383
   F.3d 1104, 1110 (9th Cir. 2004).  Here, Defendant was technically asked to give
28 his affirmation. The term "oath" is employed throughout this opinion in order to
   be consistent with the parties' briefs.

**2**

**Reporter:** Please raise your right hand.  Do you solemnly affirm to tell the truth, the whole truth, and nothing but the truth?

**Defendant:** Without prejudice and a full reservation of rights, I will hold all parties here, all agents and groups of agents, in their full commercial liability, including you.  What is your name and who do you work for? What is your name and who do you work for.

**Reporter:** I'm not here to answer questions.  I'm just swearing you in, doing my job.

**Defendant:** Okay.  Are you the court reporter?
Reporter: Yes.

**Defendant:** Okay. Do you agree to do your job under full commercial liability?

**Reporter:** Yes

**Defendant:** Thank you.  Do you agree to do your job under your full commercial liability? And please state your name.

**Videographer:** I do.  Dillon Wasserman.

**Defendant:** Thank you Dillon.

**Mr. Hanlon:** Mr. Wilkins, you're here to give a deposition pursuant to court orders.  I don't have to make any agreements to you to proceed with that deposition, and I decline to do so.

**Defendant:** Are you referring to me?

**Mr. Hanlon:** I am referring to you, sir.  How would you like me to refer to you?

**Defendant:** Thomas Alexander Wilkins.

**Mr. Hanlon:** Okay. Thomas Alexander Wilkins, I am here to take your deposition pursuant to court order.  I don't have to make any agreements to proceed, and I decline to do so.

**Defendant:** Your offer is accepted.

(Doc. 99, Ex. B at 5-7).  The Reporter attempted to administer the oath a second time:

**Reporter:** Would you please raise your right hand again.  Do you solemnly affirm to tell the truth, the whole

**3**

truth, and nothing but the truth?

**Defendant:** Without prejudice and a full reservation of rights, I do.

**Mr. Hanlon:** Mr. Schulte, I'm not sure what Mr. Wilkins means by "without prejudice."  Either he's under oath or he's not.

**Mr. Schulte:** I agree. He's either under oath or he's not.

**Mr. Hanlon:** Mr. Wilkins, do you understand that you're under oath?

**Defendant:** Please define your term "understand."

**Mr. Hanlon:** Are you under oath to tell the truth, the whole truth, and nothing but the truth in this deposition?

**Defendant:** Okay.  I am not Mr. Wilkins.  I'm Thomas Alexander Wilkins.  Offer right back to you.  As far as truth, the whole truth, and nothing but the truth, I'm stating, without prejudice and a full reservation of rights, I do.

(Doc. 99, Ex. B at 7-8).  The reporter attempted to administer the oath a third time, and once again, Defendant responded by qualifying his oath with the phrase "without prejudice and a full reservation of rights."   Neither Defendant nor his attorney explained the meaning of this qualification and its intended effect on Defendant's testimony to Plaintiff's counsel, despite repeated requests.   Plaintiff's counsel expressed a desire to involve a magistrate judge, but Defendant's counsel refused:

**Mr. Hanlon:** All right.  Let's go off the record.  I'm going to see if the magistrate is available.

**Mr. Schulte:** Actually, if you're going to stop the deposition and the deposition is done, we did not come here today to do anything other than participate in a deposition.  You have now informed us that unless Mr. Wilkins–

**Mr. Hanlon:** We're still on the record, sir.  Please put your microphone back on.

**4**

**Mr. Schulte:**– answers the way you want him to answer that you're not proceeding today.  He didn't give you the answer you wanted, so it appears that we're done.  If you want to proceed, lets proceed.  If you don't, that's up to you...

**Mr. Hanlon:** All I'm trying to do is have the witness be sworn.  Without the witness being sworn...this isn't a deposition.  It's just a conversation.  I'm trying to make sure we're here for a deposition...

**Mr. Schulte:** Mr. Wilkins has answered how he's comfortable.  I'm not going to sit here and change his answers.  I suggest you not do the same.  Whether you proceed today or not is up to you.

(Doc. 99, Ex. B at 9-11).

At the hearing on Plaintiff's motion for preliminary injunction held on October 18, 2010, Plaintiff brought Defendant's conduct at his deposition to the attention of the court.  The court stated that to the extent Plaintiff refused to be deposed, he would not be permitted to offer testimony in opposition to the motion for preliminary injunction:

There is no evidence from defendant before the Court that would be provided by Mr. Wilkins.  His refusal to be deposed, the Court will treat as essentially disabling him from presenting evidence himself.

(Doc. 88 at 2).  The court noted that Defendant would not be precluded from offering any evidence other than Defendant's testimony.  (Id.).

After reviewing the Defendant's deposition transcript in open court and after allowing the parties to argue their respective positions, the court concluded that Defendant's conduct was tantamount to a refusal to be sworn.  The court discussed the oath requirement on the record and stated:

the law requires an unqualified acknowledgment to tell the truth. And there may not be any magic about the words

**5**

1
2
3

that are used to do that, but reserving rights in the
Commercial Code and international treaties and declaring
that he's a free man upon the land and the rest of it,
I'm sure you know what I'm talking about, Mr. Schulte,
that's not acceptable.

4 (Doc. 88 at 5).[3]  Defendant's counsel expressed disagreement with

5 the court's assessment of the oath requirement, and the court gave

6 counsel the opportunity to provide legal authority in support of

7 his position.  (Doc. 88 at 5).   More than six weeks later,

8 Defendant filed a brief purporting to provide authority justifying

9 Defendant's conduct at his deposition.

10
### III. **LEGAL STANDARD**.

11     A motion for reconsideration is appropriate where the district

12 court (1) is presented with newly discovered evidence, (2)

13 committed clear error or the initial decision was manifestly

14 unjust, or (3) if there was an intervening change in controlling

15 law. *See School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th

16 Cir. 1993); *Osband v. Woodford*, 290 F.3d 1036, 1038 (9th Cir. 1999)

17 (en banc). A reconsideration motion should not merely present

18 arguments previously raised, or which could have been raised in a

19 previous motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th

20 Cir. 1985).

21
### IV. **DISCUSSION**.

22     Defendant contends that the court erred in finding that

23 Defendant refused to be deposed and asks the court to court to

24 rehear Plaintiff's motion for preliminary injunction, permit

25

26
27
28

[3] As discussed below, a witness' qualification of the oath does not violate
Federal Rule of Civil Procedure 30(b) provided the witness expresses that she is
impressed with the duty to tell the truth and understands that she can be
prosecuted for perjury for failure to do so.  *See Gordon v. Idaho*, 778 F.2d
1397, 1400 (9th Cir. 1985).

**6**

1   Defendant to testify at the hearing, and reconsider its decision to

2   grant Plaintiff's motion.[4]  Defendant assails the court's statement

3   during the October 18 hearing that "the law requires an unqualified

4   acknowledgment to tell the truth."  (Doc. 112 at 2).  The crux of

5   Defendant's argument is that Plaintiff was within his rights to

6   offer his unique qualifications to the oath.

7        Defendant did not offer a written declaration or testimony in

8   opposition to Plaintiff's motion for preliminary injunction until

9   *after* the court ruled at the hearing that his conduct at the

10  deposition precluded the court from considering his testimony.

11  Pursuant to the court's October 1, 2010 minute order, Defendant's

12  opposition to Plaintiff's motion for preliminary injunction was due

13  on October 8, 2010. (Doc. 53).  Defendant submitted a timely

14  opposition to Plaintiff's motion on October 8 but did not submit

15  his declaration until November 30, 2010, almost eight weeks after

16  his opposition was due and six weeks after the hearing on

17  Plaintiff's motion.  Defendant offers no explination for his

18  belated attempt to bolster his opposition with a post-hearing

19  declaration.  Even assuming *arguendo* that there is a good faith

20  justification for Defendant's delay in submitting his sworn

21  declaration, Defendant's declaration is properly excluded pursuant

22  to the Federal Rules of Civil Procedure.

23

24  _____

25       [4] Defendant also complains that the court erred in issuing a tentative
    ruling "without consideration" of Defendant's testimony.  This complaint is moot
26  in light of the written decision issued concurrently with this order.  The court
    notes that Defendant's argument regarding the court's tentative decision entails
    an affirmative misrepresentation.  As discussed above, at the time the court
27  issued its tentative decision on October 18, Defendant had not submitted a
    declaration and had not attempted to offer testimony in opposition to the motion
28  for preliminary injunction.

**7**

**A.   The Oath Requirement**

Rule 30(b)(5)(iv) requires deponents to give an oath or affirmation at the beginning of all depositions.  Fed. R. Civ. P. (30)(b)(5)(iv).  "Any statement indicating that the deponent is impressed with the duty to tell the truth and understands that he or she can be prosecuted for perjury for failure to do so satisfies the requirement for an oath or affirmation under [Federal Rule of Civil Procedure] 30(c)."  *Gordon*, 778 F.2d at 1400; *accord United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004) ("true test" for whether a declaration is made under oath or affirmation "is whether the procedures followed were such that perjury could be charged therein if any material allegation contained therein is false.").[5]  Although no special verbal formula is required to comply with Rule 30(c)'s oath requirement, *Gordon*, 778 F.2d at 1400 (citing Fed. R. Evid. 603), "[a] cleverly worded oath that creates loopholes for falsehood or attempts to create a safe harbor for perjury" is unacceptable, *see United States v. Ward*, 989 F.2d 1015, 1019 (9th Cir. 1992).[6]  Simply stated, "clever" qualifications and game playing cannot be countenanced in times of crowded dockets and court case overload.

///

---

[5]   Although *Bueno-Vargas* concerned the oath requirement applicable to warrant applications under the Fourth Amendment, the Court relied in part on cases interpreting Federal Rule of Evidence 603, including *United States v. Ward,* discussed in footnote 2 below. 383 F.3d at 1111 n.9.

[6]   *Ward*, a criminal case, concerned a defendant's desire to deviate from the standard witness oath at trial.  *Id*. at 1017.  The *Ward* Court discussed *Gordon* and Rule 603 and concluded that "[a]ll that the common law requires is a form or statement which impresses upon the mind and conscience of a witness the necessity for telling the truth."  *Id*. (citing *United States v. Looper*, 419 F.2d 1405, 1407 (4th Cir. 1969)).

**8**

1      Defendant's statements and conduct in response to the
2 reporter's repeated good faith attempts to place him under oath
3 evidences that Defendant was not impressed with the unqualified
4 duty to tell the truth and did not reflect his understanding that
5 he could be prosecuted for perjury for failure to do so.  To the
6 contrary, Defendant's conduct was evasive, evinced gamesmanship,
7 and created the appearance that Defendant was attempting to create
8 a potential safe harbor for perjury by implicitly threatening to
9 impose "liability" on the reporter who was performing a statutory
10 duty for which the reporter is licensed by the State.[7]  When the
11 reporter first attempted to administer the oath to Defendant,
12 Defendant sought to avoid giving an affirmative response by
13 threatening to impose commercial liability on the reporter and
14 asking for the reporter's name and employer, which is evidenced on
15 a business card and the deposition transcript itself.  (Doc. 99,
16 Ex. B at 6).  When Plaintiff's counsel expressed doubt to
17 Defendant's counsel as to whether Defendant had taken the oath,
18 Defendant's counsel stated: "your belief is irrelevant to me," a
19 statement that was vexatious and itself irrelevant.[8]  (Id. at 7).

20      In response to the reporter's second attempt to administer the
21 oath, Defendant replied: "without prejudice and a full reservation
22 of rights, I do."  (Id. at 7-8).  Plaintiff's counsel sought to
23 understand what these qualifications meant by asking for guidance
24 from Defendant's counsel reflecting what Defendant meant by the

25

26      [7] It is impossible to ascertain Defendant's intent as to his duty to
27 truthfully testify.

28      [8] In reported conduct, Defendant's counsel Mr. Schulte has repeatedly been
rude, uncooperative, and unprofessional in his dealings with Plaintiff's counsel.

phrase "without prejudice," noting that "either [Defendant is] under oath or he's not." (Id. at 8). Defendant's counsel responded: "I agree. He's either under oath or he's not." (Id.).[9] Plaintiff's counsel then sought to ensure that Plaintiff understood the solemnity and purpose of the oath:

> **Mr. Hanlon:** Mr. Wilkins, do you understand that you're under oath?
>
> **Defendant:** Please define your term "understand."
>
> **Mr. Hanlon:** Are you under oath to tell the truth, the whole truth, and nothing but the truth in this deposition?
>
> **Defendant:** Okay. I am not Mr. Wilkins. I'm Thomas Alexander Wilkins. Offer right back to you. As far as truth, the whole truth, and nothing but the truth, I'm stating, without prejudice and a full reservation of rights, I do.

Plaintiff's counsel indicated he was not comfortable with Defendant's ambiguous response and sought guidance from Defendant's counsel as to the meaning of Defendant's statements. Defendant's counsel then stated: "I'm not uncomfortable proceeding today. Whether you proceed or not is up to you." (Doc. 99, Ex. B at 9).

Defendant now contends that his qualifications to the oath were intended to "protect and preserve any rights he may have in his intellectual property" and to prevent "misuse" of his

---

[9] Despite repeated discussions between Plaintiff's counsel and Defendant's counsel about Defendant's responses to the oath, Defendant's counsel conspicuously refused to state that he believed Defendant was under oath while at the deposition. If, as urged at oral argument and in the November 30 brief, Defendant's counsel truly believed that his client had been placed under oath at the deposition, there is no good faith explanation for counsel's refusal to express his belief to Plaintiff's counsel. Nor is there any good faith explanation for counsel's refusal to involve a magistrate judge where his client's statements raised the issue and while all parties were present in the courthouse for Defendant's deposition.

testimony.  (November 30 Brief at 3).[10]  Neither Defendant nor his counsel offer any reason why this explanation was not given to Plaintiff's counsel during the deposition.  Further, competent counsel acting in good faith had a duty to advise Defendant that taking the standard witness' oath without his purported qualification would not have jeopardized his intellectual property rights or authorized any party to lawfully use his sworn testimony for improper purposes.

The conduct of Defendant and his counsel expressly communicated that neither was impressed with the solemnity and importance of the oath.  The uncertainty created by Defendant's responses to the oath was exacerbated by Defendant's assertion of a purported distinction between "Thomas Wilkins," "Mr. Wilkins," and "Thomas Alexander Wilkins."  At the outset of the deposition, Defendant introduced himself as "Thomas Alexander Wilkins *on behalf of Thomas Wilkins.*"  (Doc. 99, Ex. B at 5)(emphasis added).  He refused to be addressed as Mr. Wilkins.  Later in the deposition, Defendant feigned ignorance as to who Plaintiff's counsel was addressing when counsel asked the question: "Mr. Wilkins, do you

---

[10]  The record contains evidence of an alternative motive for the conduct of Defendant and his counsel.  Prior to appearing at the deposition on October 12, Defendant's counsel foreshadowed Defendant's refusal to be meaningfully deposed.  First, on October 6, 2010, Defendant's counsel stated in an email that Defendant would not proceed with his deposition unless Plaintiff's counsel, Mr. Hanlon, agreed to be deposed.  (Doc. 100, Ex. I).  On October 8, 2010, Defendant's counsel sent an email which stated "In light of the Court's Decision on the MTD, you have no complaint and a moot injunction.  I cannot imagine one single question which will be within the scope of a dismissed complaint.  I expect, if you proceed, that your deposition transcript will consist of two attorneys arguing about scope, and nothing from Mr. Wilkins." (Doc. 100, Ex. T).  Later on October 8, Defendant's counsel sent another email stating "Mr. Wilkins will be there on the 12th if you insist.  If you can ask a question that is within the scope of a dismissed complaint and a moot preliminary injunction, he will answer...I do not believe a single question will get answered."  (Doc. 100, Ex. V).

understand that you're under oath?"  (Id. at 7, 8).  In light of Defendant's refusal to take the oath as administered, refusal to explain his qualifications to taking the oath, refusal to participate in seeking the assistance of the magistrate judge, and attempt to suggest that his identity was in question, Defendant's conduct at the deposition was vexations, multiplied and delayed the proceedings, and created sufficient doubt whether Defendant intended to offer his testimony under penalty of perjury that it was reasonable for Plaintiff's counsel to interpret the totality of the conduct as a refusal to be sworn.[11]

**B.  Cases Provided by Defendant**

Defendant cites *Gordon*, 778 F.2d at 1400; *Looper*, 419 F.2d at 1407; *Girouard v. United States*, 328 U.S. 61 (1946); and *In re Thiesen*, 141 Cal. App. 2d 274 (Cal. Ct. App. 1956) as support for his contention that the court erred in construing his conduct as a refusal to be sworn.  *Gordon* provides the applicable standard for oaths in the Ninth Circuit, and *Looper* was cited as authority for the court's holding in *Gordon*.  778 F.2d at 1400.  *Girouard* and *Theisen* concern naturalization oaths and are not relevant here.[12]

In *Gordon*, a *pro se* plaintiff refused to raise his right hand

---

[11]  The court does not hold that a deponent may not qualify the oath with phrases such as those used by Defendant, so long as it is clear-- either from all the circumstances or from explanation offered by the deponent or counsel-- that the deponent intends to offer testimony subject to penalty to perjury.

[12]  Defendant cites these cases for the following propositions, respectively: (1)"courts have traditionally considered the intent of the person changing the oath;" and (2) "Courts are not desirous of implying unstated language into legislative language where rights are concerned." (November 30 Brief at 4).  With respect to the first proposition, the record is insufficient to ascertain Defendant's intent at the time of his deposition because of the failure of Defendant and his counsel to explain the meaning of Defendant's qualification.  With respect to the second proposition, to the extent Defendant advances *Thiesen* as support for the notion that it was necessary for Defendant to qualify his oath as he did, the case is not helpful.

**12**

and either "swear" or "affirm" at his deposition because doing so violated his sincerely-held religious beliefs. 778 F.2d at 1401. The Ninth Circuit held that, because the First Amendment required the district court to employ the least restrictive means to place the plaintiff under oath, it was error for the district court to impose the severe sanction of dismissing plaintiff's case due to the plaintiff's refusal to use the specific words "swear" or "affirm." *Id.*

In *Looper*, a criminal defendant raised religious objections to the district court's insistence that he place his hand on the bible and appeal to god. 419 F.2d at 1406. After the defendant refused to comply with the district court's directive, the court precluded the defendant from testifying. The Fourth Circuit Court of Appeal granted the defendant a new trial, holding:

> The common law, as made applicable by Rule 26, requires neither an appeal to God nor the raising of a hand as a prerequisite to a valid oath. All that the common law requires is a form or statement which impresses upon the mind and conscience of a witness the necessity for telling the truth.

*Id.* at 1407 (citation omitted).

Defendant's refusal to take the oath as administered was not based on the revered constitutional interests at issue in *Gordon* and *Looper*. Rather, Defendant's qualifications to the oath and threats of commercial liability against the reporter were purportedly intended to "protect and preserve any rights he may have in his intellectual property" and to prevent "misuse" of his testimony. (November 30 Brief at 3). Critically, unlike the witnesses in *Gordon* and *Looper*, Defendant and his counsel refused to explain the purpose and meaning of Defendant's qualification to

**13**

the oath and whether Defendant intended to tell the truth as required by law.  Taken as a whole, Defendant's statements and conduct at his deposition created such doubt as to whether Defendant intended to offer testimony subject to penalty of perjury that Defendant's oath was deficient.  Defendant's declaration will not be considered for purposes of resolving Plaintiff's motion for preliminary injunction.[13]  Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   January 20, 2011**            _____**/s/ Oliver W. Wanger**_____
                                          UNITED STATES DISTRICT JUDGE

---

[13]  Defendant's November 30 brief asks that Defendant be afforded an opportunity to testify at trial.  Provided Defendant is found to comply with the Federal Rules of Civil Procedure's obligations, there has been no suggestion Defendant will be precluded from testifying at trial.  Plaintiff has referred to the pejorative and unprofessional conduct of Defendant's counsel.  Such mattes should be addressed by a noticed motion or addressed to the State Bar.

**14**