**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GENERAL ELECTRIC COMPANY,** | 1:10-cv-00674-OWW-JLT |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE (Doc. 125)** |
| v. | |
| **THOMAS WILKINS,** | |
| Defendant. | |

## I. INTRODUCTION.

Plaintiff General Electric Company("Plaintiff") brings this action against Defendant Thomas Wilkins ("Defendant") for damages and injunctive relief. According to Plaintiff's complaint, Plaintiff is a developer of energy technologies and the holder of U.S. Patent Nos. 6,921,985 ("'985 Patent") and 6,924,565, ("the'565 patent"). Defendant is listed as one of seven inventors of the '565 patent and asserts that he is an unnamed co-inventor of the '985 patent. Defendant asserts an ownership interest in both patents and has licensed his interest in the technology underlying the '985 patent to Mitsubishi Heavy Industries, Ltd., and Mitsubishi Power Systems Americas, Inc. (collectively "Mitsubishi").

Mitsubishi filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24 on December 22, 2010. (Doc. 125).

Plaintiff filed opposition to the motion to intervene on January 10, 2011. (Doc. 142). Mitsubishi filed a reply on January 17, 2011. (Doc. 155). Defendant has not opposed the motion to intervene.

## II. **LEGAL STANDARD**.

Intervention is governed by Federal Rule of Civil Procedure 24. To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1993). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A four part test is used to evaluate a motion for intervention of right:

(1) the motion must be timely;

(2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and

(4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council*, 66 F.3d at 1493.

Permissive intervention is governed by Rule 24(b). An applicant who seeks permissive intervention must demonstrate that

**2**

it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *E.g. Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

### III. DISCUSSION.

**A. Intervention as of Right**

**1. Timeliness**

In assessing timeliness, courts in the Ninth Circuit consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

This litigation is at an early stage. Plaintiff's first amended complaint was filed in October, 2010. No answer has been filed, discovery has not yet been completed, and a trial date is not yet set. The current stage of the proceedings weighs in favor of finding Mitsubishi's motion timely. Further, Plaintiff has not established that it will be prejudiced by intervention given the current stage of the proceedings.

Plaintiff contends that it will be prejudiced if intervention is granted because Mitsubishi "will fundamentally expand the issues in this case" and that resisting Mitsubishi's efforts to expand the issues will itself be expensive and time-consuming. (Doc. 142, Opposition at 9-10). Plaintiff's fears are misplaced, as Mitsubishi has assured the court that it will not seek rulings on the issues Plaintiff's opposition alludes to--the validity or enforceability of the '985 patent, the value of the '985 patent, or

3

the validity of its license with Defendant. (Doc. 155, Reply at 6 n.3). As Rule 24 empowers the court to limit the scope of the issues Mitsubishi can raise as an intervenor, Plaintiff's fears are easily allayed. *See, e.g., John's Lone Star Distrib. v. Juice Bar Concepts, Inc.*, 2004 U.S. Dist. LEXIS 5062 *7-8 (N.D. Tex. 2004)(citing Advisory Committee's notes to Rule 24 for the proposition that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.").

Finally, Mitsubishi has provided adequate justification for its delay in filing its motion to intervene, which was minimal. Mitsubishi avers that it was not aware of the magnitude of the risk to its interests until it learned of the court's tentative ruling granting Plaintiff's request for preliminary injunction and evaluated the conduct of Defendant and his former counsel as set forth in Plaintiff's motion for sanctions. (Doc. 155, Reply at 3-4). Mitsubishi's motion is timely under Rule 24.

**2. Significant Protectable Interests**

To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). To determine whether a putative intervenor has demonstrated a "significantly protectable" interest, the operative inquiry is whether the interest is protectable under some law. *Wilderness Soc'y v. United States Forest Serv.*, 2011 U.S.

**4**

App. LEXIS 734 * 14  (9th Cir. 2011).

According to Mitsubishi's motion to intervene, "Wilkins is now licensing his rights in the '985 patent technology to Mitsubishi," (Doc. 126, MTI at 8), which allegedly entitles Mitsubishi "to use or sell any product with the technology of the '985 patent." (Doc. 155, Reply at 8).  Mitsubishi has properly alleged that it has a license in the technology underlying the '985 Patent, and it is clear that such a license is protectable under the law.[1]  *See, e.g., Amgen, Inc. v. F. Hoffman-Laroche Ltd*, 456 F. Supp. 2d 267, 280 n.11 (D. Mass. 2006) (license in technology sufficient to support intervention as of right in patent infringement action).[2]

Mitsubishi's rights in the subject technology are derivative of Defendant's rights in the technology, and Plaintiff seeks a declaration from this court that Defendant has no such rights or the rights are void.  Mitsubishi's protectable interest bears a sufficient relationship to this litigation to warrant intervention.

### 3. Impairment

For the purposes of Rule 24, impairment need not be based on technical legal impairment; rather, Rule 24 intervention is appropriate if a party's rights would be impaired in a "practical

---

[1] Mitsubishi cites this court's order in *Delano Farms Co. v. Cal. Table Grape Comm'n*, 2010 U.S. Dist. LEXIS 74602 (E.D. Cal. 2010) as support for its proposition that it has a significant interest protectable interest by virtue of the fact that it is a licensee of technology underlying the '985 patent.  *Delano Farms* is distinguishable.  In *Delano Farms*, a party expressly challenged the validity of a license held by the proposed intervenor.  Here, the validity of the purported license Defendant granted to Mitsubishi is not directly at issue.  Nevertheless, there is undoubtably a relationship between Mitsubishi's license and the claims raised in Plaintiff's complaint.

[2] The intervenor in *Amgen* was an "exclusive licensee with substantial rights," a term of art in patent jurisprudence.  *See id*. As the instant action does not entail a patent infringement claim, the standing requirements applicable to infringement actions discussed in *Amgen* are not implicated here.

5

sense." Fed. R. Civ. P. 24. It cannot be questioned that, in a practical sense, an adjudication that Plaintiff is the sole owner of the technology underlying the '985 Patent would destroy Mitsubishi's rights under its license from Defendant.

### 4. Adequacy of Representation

In determining whether an applicant's interest is adequately represented by the existing parties, courts consider (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *E.g. Northwest Forest Res. Council*, 82 F.3d at 838. Generally, an applicants showing of inadequate representation is minimal, *e.g. Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983), however, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises," *e.g. Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The presumption of adequate representation may be overcome with a "compelling showing." *Id*.

Mitsubishi's interest in its license is derivative of Defendant's interest in the technology underlying the '985 patent. Defendant and Mitsubishi generally have the same objective: establishing Defendant's ownership of the technology underlying the '985 patent and defeating Plaintiff's claim that Defendant is obligated to assign his rights in such technology to GE. However, Mitsubishi's interests and objectives differ in some degree from Defendant's.

It cannot be said that Defendant will undoubtably make all of the arguments Mitsubishi would in this case, nor can it be said that Defendant is willing and able to make such arguments. For example, Defendant chose not to offer any testimony in opposition to Plaintiff's motion for preliminary injunction and chose not to depose witnesses who may have offered relevant testimony on the issues entailed in Plaintiff's motion. As a result of Plaintiff's un-refuted evidence, Plaintiff's motion for preliminary injunction was granted. The court has not yet entered a formal order imposing the preliminary injunction, however, because the injunction may impede Mitsubishi's rights under its license. The court has given Mitsubishi an opportunity to provide input on the appropriate scope of the injunctive relief Plaintiff is entitled to, and the need to provide Mitsubishi with this opportunity before formally imposing a preliminary injunction demonstrates the extent to which Defendant is not an adequate representative of Mitsubishi's interest. Further, Defendant previously entered into a stipulation which contained language that was potentially prejudicial to Mitsubishi's interest in its license. (*See* Doc. 38, Stipulation at 4).[3]

Even assuming *arguendo* that Defendant's interest are identical to Mitsubishi's, the record is sufficient for Mitsubishi to overcome

---

[3] The Stipulation provides, inter alia, that Plaintiff would refrain from "engaging in conduct that would convey or tend to convey to third parties that Wilkins is licensing...any ownership interest...in the '985 Patent[]." (Doc. 38, Stipulation at 4). Although the license agreement between Defendant and Mitsubishi is not before the court, it is conceivable that either Defendant's or Mitsubishi's exercise of their respective rights under the license agreement could constitute conduct that would convey or tend to convey to third parties that Defendant is licensing and interest in the '985 Patent. Further, the Stipulation imposes express limitations on Defendant's ability to modify or extend Mitsubishi's license. Were Mitsubishi a part to this litigation at the time the Stipulation was crafted, it is likely that the Stipulation would have been narrower in scope and would have more carefully accounted for Mitsubishi's interests.

7

the presumption of adequate representation.  Even at this early stage of the litigation, Defendant has engaged in allegedly sanctionable conduct and has demonstrated a potential willingness to disobey the court's orders.  Nonfeasance or malfeasance is a basis for overcoming the presumption of adequate representation. *See League of United Latin Am. Citizens,* 131 F.3d at 1305 n. 4 (citing *Moosehead San. Dist. v. S.G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir. 1979) discussing basis for overcoming presumption)).

Although differences in litigation strategy are generally insufficient to overcome the presumption of adequate representation, a party with significant protectable interests should not be placed at the risk of a party whose litigation tactics and conduct have the potential to affect the progress of the case.[4]  Defendant's conduct has already prevented the court from reaching the merits of purported factual disputes between the parties in the context of Plaintiff's motion for preliminary injunction.  Defendant engaged in conduct at his deposition that impeded that proceeding, evidenced by the dispute over his response to the oath.  As a result, Defendant would have been subject to an evidentiary sanction had he attempted to timely submit testimony in opposition to Plaintiff's motion for preliminary injunction.[5]  Similarly, despite Defendant's counsel's representation in open court that Defendant would

---

[4] The fact that the attorney responsible for Defendant's representation throughout 2010 has since left the case does not render Defendant an adequate representative.  Ultimately, Defendant is the master of his case, and his counsel is duty-bound to comply with Defendant's instructions.

[5] Defendant made the high-risk strategic decision not to present testimony in opposition to Plaintiff's motion for preliminary injunction.  Instead, Defendant waited until approximately six weeks after the hearing on Plaintiff's motion to submit a declaration that had already been ruled inadmissible. (See Doc. 158).

8

stipulate to "lifting the seal" of his testimony in another related proceeding before the United States International Trade Commission, (Doc. 89, Oct. 18, 2010 RT at 35-36), Defendant subsequently refused such a stipulation, (Doc. 100, Eldredge Dec., Ex. X). In light of the totality of the circumstances, Mitsubishi has presented sufficient factual basis for its assertion that Defendant is not an adequate representative of its rights.

**B. Permissive Intervention**

Mitsubishi alternatively contends it is entitled to permissive intervention under Federal Rule of Civil Procedure 24(b). An applicant that seeks permissive intervention must satisfy three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly*, 159 F.3d at 412.

Mitsubishi invokes diversity jurisdiction as an independent basis for federal jurisdiction over its claims. (Doc. 126, Motion to Intervene at 13). Mitsubishi does not allege diversity exists as to Mitsubishi Power Systems Americas, Inc., based on its place of incorporation, principal place of business, or nerve center. This can be added by a jurisdictional statement.

**ORDER**

For the reasons stated, Mitsubishi's motion to intervene is GRANTED, subject to its submission of a jurisdictional statement. IT IS SO ORDERED.

**Dated:   February 11, 2011**            /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

9