**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, a New York corporation; and GE WIND ENERGY, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THOMAS WILKINS, an individual,<br><br>　　　　　Defendant. | 1:10-cv-0674 OWW JLT<br>　DRAFT<br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference: 4/7/11 8:15 Ctrm. 3 |

I.   Date of Scheduling Conference.

　　March 24, 2011.

II.  Appearances Of Counsel.

　　Glynn & Finley, LLP by James M. Hanlon, Jr., and Jonathan A. Eldredge, Esq., appeared on behalf of Plaintiff.

　　Thomas Winland, Esq., and William C. Hahesy, Esq., appeared on behalf of Defendant Thomas Wilkins.

　　Steptoe & Johnson LLP by Fulberto D. Agusti, Esq., and Daniel Blakey, Esq., appeared on behalf of Intervenors Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc.

1

III.  Summary of Pleadings.

    1.   The parties will submit a background statement of the case, uncontested facts, and contested facts.

IV.  Orders Re Amendments To Pleadings.

    1.   On October 13, 2010, Plaintiffs filed a First Amended Complaint.  Plaintiffs do not anticipate any additional amendments or the joinder of any additional parties.

    2.   On March 15, 2011, the Court issued an order denying Mr. Wilkins' motion to dismiss the Amended Complaint.  As such, Mr. Wilkins' and Mitsubishi's answers are now due to be filed on March 29, 2011.  Fed. R. Civ. P. 12(a)(4)(A).  Because no answer has been filed, Mr. Wilkins and Mitsubishi currently foresee no amendments being required.  Nor do Mr. Wilkins or Mitsubishi currently foresee joining any additional parties.  In the event that amendment becomes necessary, Mr. Wilkins and/or Mitsubishi will seek to amend as provided for in Rule 15 of the Federal Rules of Civil Procedure.

    3.   MHI was granted intervenor status pursuant to Fed. R. of Civ. Proc., Rule 24(a).

V.   Pending Matters.

    1.   The timing for dispositive motions is set forth in the Joint Scheduling Conference Statement by the parties.  On January 24, 2011, the Court heard Wilkins' motion to dismiss the first amended complaint (Doc. 96), Mitsubishi's motion for intervention (Doc. 125) and GE's motion for sanctions against Wilkins (Doc. 97).  On February 25, 2011, the Court granted Mitsubishi's motion for intervention by written order.  (Doc. 166).  On March 15, 2011, the Court denied Defendant's motion to dismiss (Doc. 173).

1  The Court has not issued a written order on GE's motion for a
2  preliminary injunction or its motion for sanctions.  Plaintiffs
3  currently have pending an application for contempt against
4  Defendant (Doc. 90), which has not been granted and for which a
5  hearing date has not been set.
6  VI.   Factual Summary.
7       A.   Admitted Facts Which Are Deemed Proven Without Further
8  Proceedings.
9            1.   General Electric Company is a New York
10 corporation.
11           2.   GE Wind Energy, LLC is a Delaware limited
12 liability company.
13           3.   Thomas Wilkins is an individual.
14           4.   Mitsubishi Heavy Industries is a corporation
15 incorporated under the laws of the Country of Japan.
16           5.   Mitsubishi Power Systems is a corporation
17 incorporated under the laws of the State of Delaware.
18      B.   Contested Facts.
19           1.   The parties will submit a supplemental Joint
20 Scheduling Conference Statement containing contested facts.
21 VI.   Legal Issues.
22      A.   Uncontested.
23           1.   Jurisdiction exists under 28 U.S.C. § 1332 based
24 on the diversity of the parties and the amount on controversy in
25 excess of $75,000.00.
26           2.   Venue is proper under 28 U.S.C. § 1391.
27      B.   Contested.
28           1.   The parties will submit a supplemental Joint

Scheduling Conference Statement setting forth contested issues of law.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1. The parties will also submit a discovery plan.  The parties will file a supplemental joint scheduling statement on or before April 1, 2011.  On April 7, 2011 at 8:15 a.m. a Further Scheduling Conference shall be held.  All parties are authorized to appear telephonically.

    2. The parties exchanged initial disclosures on January 14, 2011.  Mitsubishi served its initial disclosures on March 22, 2011.

IT IS SO ORDERED.

**Dated:   March 24, 2011**                /s/ Oliver W. Wanger
                                                     UNITED STATES DISTRICT JUDGE