# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, et al., ) | Case No.: 1:10-cv-00674 LJO JLT |
| ) | |
| Plaintiffs, ) | ORDER GRANTING REQUEST TO SEAL |
| ) | DOCUMENTS WITHOUT PREJUDICE |
| v. ) | |
| ) | (Doc. 280) |
| THOMAS WILKINS, an individual ) | |
| ) | |
| Defendant. ) | |

Before the Court is Mitsubishi's Request to Seal Documents related to the current discovery dispute (Doc. 279).  (Doc. 280)

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c). Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010).  Under Federal Rule of Civil Procedure 26(c), the Court may issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

To make the determination whether documents should be sealed, the Court must evaluate

whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" Pintos, 605 F.3d at 678 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002))

    Here, the documents at issue are all stamped "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION."  The documents appear to be internal communications related to the patent application(s) for the intellectual property at issue.  Many of the communications appear to be directed to or are authored by an attorney employed by GE Power Systems.  Though the Court does not and cannot find at this time, that the attorney-client privilege or attorney work product applies, the Court does find that the entire exhibit appears to be made up of confidential information not otherwise available or known to the public.  Likewise, the Court finds that the need to maintain the confidentiality of this material outweighs the need for public disclosure.  Therefore, as to these materials, the motion is **GRANTED**.

    Therefore, good cause appearing,

    1.    The Court **ORDERS** the following to be **SEALED**:

        a.    The exhibit to the Motion to Compel and Determination of Privilege Claims, lodged with the Court;

    2.    The Clerk of the Court is **DIRECTED** to file this exhibit under seal.

IT IS SO ORDERED.

Dated:   **February 1, 2012**                        **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE