UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, et al., | Case No.: 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ORDER VACATING ORDER TO SHORTEN TIME; ORDER SETTING BRIEFING SCHEDULE RE: MOTION TO COMPEL |
| v. | |
| THOMAS WILKINS, an individual | (Docs. 282) |
| Defendant. | |

On January 31, 2012, Mitsubishi filed its motion to compel and determination of privilege. (Doc. 279) In this discovery dispute, Mitsubishi claims that it received documents from GE in a related litigation which GE contends were produced inadvertently. GE seeks to claw back the documents and refuses to allow the documents to be used at depositions that are scheduled to occur and are occurring as of the writing of this order. Along with its motion, Mitsubishi filed an ex parte request for an order shortening time (Doc. 281) and cited the impending discovery deadline as basis for the request. The Court granted the request and shortened time for the hearing and briefing. (Doc. 282)

Unbeknownst to the Court, Mitsubishi had reported to GE that it would cancel the scheduled depositions and would not appear for the deposition scheduled on February 2, 2012. As a result, the Court held a telephonic conference related to the dispute on February 1, 2012.

1

At the conference, GE reported that it needed additional time to investigate how and in what context the documents at issue were disclosed.  GE's counsel asserted their every confidence that the documents were not purposefully produced but, because the documents were produced in a different action, current counsel was not fully privy to the occurrences in the other action.  Counsel reported that an investigation into the disclosure of the documents at issue has been initiated but the attorneys in that matter had not yet responded.  GE reported that it simply could not report fully or accurately to the motion to compel within the shortened briefing schedule.

In addition, GE reported that scheduling the depositions had been difficult given the number of attorneys involved and that the depositions were occurring and scheduled to occur at various locations across the country.  GE urged the Court to require the depositions to go forward as currently set.  In doing so, GE acknowledged that if a second deposition of any of the deponents were required based upon the outcome of the motion to compel, it would be required to bear some or all of the costs of taking the second depositions– in an amount that would be determined in connection with the motion if necessary.  Moreover, GE agreed that if the second depositions were required it would make all reasonable efforts to ensure that they are completed expeditiously.

For their part, Mitsubishi and Wilkins argued that some of the documents were purposefully provided by GE in the related litigation and others were ordered to be produced by that court.  They indicated that they had supporting documentation to this effect.  Moreover, they agreed to provide this documentation to GE immediately to allow, if possible, a resolution of the matter without the court's intervention.  GE agreed likewise that if after their investigation and review of the documentation showed that the records at issue are not properly clawed back, it would resolve the matter with Mitsubishi and Wilkins informally.

Based in part on this documentation, Mitsubishi and Wilkins urged the Court to allow the depositions to be taken off calendar and reset once the motion to compel is decided.  Likewise, they urged the Court to maintain the expedited briefing and hearing schedule.  In taking this position, however, they admitted that no matter the outcome of the motion, the depositions would need to be taken though in an abbreviated fashion.  Likewise, they could direct the Court to no specific urgency

1  for the motion–given that they would be permitted to take second depositions if needed and their
2  costs would be mitigated if they succeeded on the motion.  Moreover, when advised that if they took
3  the depositions off calendar and then lost the motion to compel, there would be no probability that
4  the Court would allow them to take the depositions after the close of discovery, Mitsubishi agreed
5  that the depositions would go forward as currently scheduled.[1]

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The order granting in part the ex parte application to shorten time (Doc. 282) is **VACATED**;

2. The hearing on the motion to compel (Doc. 279) is set for March 5, 2012 at 9:00 a.m. at the United States Bankruptcy Courtroom at 1300 18th Street, Bakersfield, CA. Counsel are authorized to appear by telephone via CourtCall.  If they wish to appear by telephone, they SHALL notify the Court of this fact by e-mailing their CourtCall confirmation to JLTOrders@caed.uscourts.gov, no later than February 27, 2012;

3. The parties SHALL file a joint statement re: discovery dispute no later than noon, pacific standard time, on February 21, 2012.  Exhibits to the joint statement SHALL not exceed 15 pages <u>per side</u>.  Counsel for the parties SHALL cooperate in developing the joint statement.  No other briefs will be accepted by the Court as to this dispute;

4. As soon as practicable, but no later than February 8, 2012, Mitsubishi/Wilkins SHALL provide GE all documentation that they contend demonstrates that the records at issue are not subject to clawback because they were intentionally provided by GE or they were ordered to be provided in the related action.

IT IS SO ORDERED.

Dated:   **February 2, 2012**                           /s/ Jennifer L. Thurston
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that this current situation–in which numerous depositions must be completed in a very short time–is one of the parties' own making.

3