Andrea Weiss Jeffries (Bar No. 180408)
Wilmer Cutler Pickering Hale And Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
213-443-5397

William F. Lee (*pro hac vice*)
Elizabeth Reilly (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Alexandra C. Boudreau (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
617-526-6336

Lowell T. Carruth (Bar No. 34065)
McCormick Barstow Sheppard Wayte and Carruth LLP
5 River Park Place East
PO Box 28912
Fresno, CA 93729-8912

Attorneys for Plaintiffs General Electric Company and GE Wind Energy, LLC

Filiberto Agusti (*pro hac vice*)
Steven J. Barber (Bar No. 145645)
Seth A. Watkins (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

Attorneys for Intervenor Defendants Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc.

Thomas W. Winland (*pro hac vice*)
Tyler M. Akagi (*pro hac vice*)
Finnegan Henderson Farabow Garrett and Dunner, LLP
901 New York Avenue NW
Washington, DC 20001
(202) 408-4085

William C. Hahesy (Bar No. 105743)
Law Offices of William C. Hahesy
225 West Shaw Avenue
Suite 105
Fresno, CA 93704
(559) 579-1230

Attorneys for Defendant Thomas A. Wilkins

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, a New York corporation; and GE WIND ENERGY, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS WILKINS, an individual,<br><br>Defendant. | **Case No. CV 10-00674-LJO-JLT**<br><br>**STIPULATION AND ORDER RE: LEAVE TO SCHEDULE FOUR DEPOSITIONS** |

1    Plaintiffs General Electric Company and GE Wind Energy, Inc. (collectively, GE), Defendant Thomas A. Wilkins (Mr. Wilkins), and Intervenors Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. (collectively, Mitsubishi), through their counsel, hereby stipulate as follows:

1. On February 1, 2012, the Court held a hearing to address the schedule for briefing a motion Mitsubishi noticed after GE clawed back four documents during a deposition on January 31, 2012. The Court also addressed whether certain depositions should be postponed pending a ruling on Mitsubishi's motion.

2. On February 2, 2012, Mr. Wilkins filed a motion to submit additional GE documents under seal for consideration in support of Mitsubishi's motion, and on February 9, 2012, Mitsubishi and Mr. Wilkins provided their portions of a Joint Statement to GE.

3. Over the course of the next twelve days, the parties negotiated resolution of the motion, with GE agreeing to waive privilege over a significant number of documents. This waiver extends to documents beyond the ones that Mitsubishi and Mr. Wilkins filed under seal in connection with the motion. The parties' agreement provides that GE will produce documents quickly enough so as to give Mitsubishi and Mr. Wilkins a reasonable opportunity to review them before further depositions.

4. The parties reached agreement, in part, to spare the Court from examining a substantial number of documents in camera, and from inevitable delays to the schedule that would have resulted from that process.

5. In the midst of those negotiations, on February 17, 2012, the parties approached the Court with a stipulation regarding the postponement of eight depositions, which the Court granted. (Dkt.#310.)

6. Since reaching agreement on February 21, 2012, GE has been working to insure that all documents covered by the agreement are produced to Mitsubishi and Mr. Wilkins. GE produced approximately two hundred documents on February 27, 2012 and nearly 300 more on March 5, 2012. GE represents that it completed production on March 5,

1  2012 except for a handful of documents that are in the process of being translated from
2  German and may be produced. Mitsubishi and Mr. Wilkins have been reviewing GE's
3  production.

4  7.     Given the breadth of the documents at issue, twelve depositions must be taken or
5  re-opened. GE, MHI, and Mr. Wilkins have been able to reschedule eight of them to
6  occur before March 23, 2012. The parties have been unable to re-schedule four
7  depositions before March 23rd and seek leave of the Court to schedule them as follows:

- Till Hoffman, a named inventor of the '985 Patent, is traveling over from Germany for his deposition. He is available to be deposed in the United States on March 28, 2012.

- Craig Christenson is a third party located in California. When his original deposition, scheduled for February 16, 2012, was removed from the calendar, his in-house counsel represented that Mr. Christenson would be available before March 23, 2012. Two days ago, Mr. Christenson's in-house counsel indicated that Mr. Christenson will be represented by outside counsel who is unavailable before March 23, 2012. Mr. Christenson will be available to be deposed on or about April 3, 2012 in California.

- Ralph Blakemore is another third party located in California. He is available to be deposed on or about March 30, 2012 in California.

- James Fogarty is a current GE employee. Mr. Fogarty's documents were the ones that sparked Mitsubishi's motion and, once the scope of the documents at issue was clear, it was apparent that his deposition had to be removed from the calendar and rescheduled only after GE produced all of its privileged documents. Mr. Fogarty has to travel to a work site for an installation in Colorado for two weeks in March. The parties propose to schedule his deposition for March 27, 2012.

8.    Thus, the parties seek leave to schedule four depositions after March 23rd: one to accommodate travel from Germany, two to address third party scheduling issues

(including the request of new counsel for one of them), and the fourth, due to on-site work that cannot be re-scheduled.

9. The parties seek this leave from the Court well-aware of the Court's intention to keep this case on schedule, and sharing that goal. Indeed, resolution of the motion that had been noticed to the Court was motivated, in part, to maintain the schedule without major delay.

10. Leave to take these four depositions after March 23rd would not have a significant effect on any of the deadlines involving the Court, or the trial.

11. To that end, the parties propose the following minor adjustments to the current schedule set in the Court's October 17, 2011 order (Dkt.# 251):

a. Friday, April 6, 2012: Initial expert disclosures by this date (changed from March 15, 2012)

b. Wednesday, April 25, 2012: Expert rebuttals by this date (changed from April 12, 2012)

12. The foregoing changes would not require changes to schedules affecting Court hearings, including the May 11, 2012 non-dispositive motions deadline, or the November 6, 2012 trial date. They would also not require changes to the May 4, 2012 expert discovery deadline set by the Court in the February 21, 2012 order (Dkt.# 310).

13. In addition, the parties are currently meeting and conferring on disputes concerning certain 30(b)(6) depositions in an effort to resolve them without court intervention. The parties agree that nothing in this Stipulation is intended to affect any party's right to seek relief from this Court concerning these 30(b)(6) depositions.

Dated: March 6, 2012                By: /s/ *Elizabeth M. Reilly*
                                    Elizabeth M. Reilly (*pro hac vice*)
                                    WilmerHale
                                    60 State Street
                                    Boston MA  02109

                                    Attorneys for Plaintiffs General Electric
                                    Company and GE Wind Energy, LLC

| | | |
|---|---|---|
| 1 | Dated: March 6, 2012 | By:  /s/ *Andrew Sloniewsky* |
| 2 | | Filiberto Agusti (*pro hac vice*) |
| 3 | | Steven J. Barber (State Bar No. 145645) |
| | | Seth Watkins (*pro hac vice*) |
| 4 | | Andrew J. Sloniewsky (*pro hac vice*) |
| 5 | | STEPTOE & JOHNSON LLP |

Attorneys for Defendants Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc.

Dated: March 6, 2012         By:  /s/ *Thomas W. Winland*
Thomas W. Winland (*pro hac vice*)
Finnegan Henderson Farabow Garrett and Dunner, LLP
901 New York Avenue NW
Washington, DC 20001
Attorneys for Thomas A. Wilkins

5
STIPULATION AND ORDER RE:
LEAVE TO SCHEDULE FOUR DEPOSITIONS

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The request to amend the scheduling order to take the depositions of Ralph Blakemore, James Fogarty and Till Hoffmann to allow the depositions to be taken after March 23, 2012, is **GRANTED.  These depositions SHALL be completed no later than March 30, 2012**;

2. The request to amend the scheduling order to take the deposition of Craig Christenson to allow the depositions to be taken after March 23, 2012, is **GRANTED.  This deposition SHALL be completed no later than April 7, 2012**;

3. The Parties SHALL make their joint initial expert disclosures no later than **April 6, 2012**;

4. The Parties SHALL make their joint rebuttal expert disclosures no later than **April 25, 2012**;

5. **No further amendments to the scheduling order will be permitted.**

IT IS SO ORDERED.

Dated:   **March 7, 2012**                           /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE