UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY et al., ) | Case No.: 1:10-cv-00674 LJO JLT |
| Plaintiffs, ) | ORDER GRANTING IN PART JOINT REQUEST TO SEAL DOCUMENTS |
| v. ) | |
| THOMAS WILKINS, ) | (Doc. 333) |
| Defendant. ) | |

I.      **Background**

Before the Court, is the request to seal documents filed jointly by all parties to this litigation. Notably, the parties seek an order sealing the not yet filed joint statement re: discovery dispute, three "zip-files" containing 36 exhibits and 11 "zip files" containing 74 exhibits, many of which are nearly 50 pages long.[1] Not one of the lodged documents demonstrates, through highlighting, by reference to particular line numbers or otherwise, the *specific information sought to be sealed*. The parties seek to file several of the same exhibits more than once or seek to file portions of the same exhibits more than once. One exhibit has been filed already **on the public docket** in the Southern District of Texas.

---

[1] The Court reviewed the first three zip files, containing Exhibits 1-36 before receiving the additional 11 zip files. The second set of zip files contains Exhibits 1-36 also and the Court has presumed that these were provided twice in error.

Despite this, inexplicably, the parties seek an order sealing this and similar documents which are already on public view. Another document has already been filed under seal by this Court.[2]

In so requesting, it appears to the Court that the parties are under the mistaken belief that they are *entitled* to a sealing order because they make no attempt whatsoever to demonstrate why the lodged exhibits should be filed under seal. Indeed, the parties assert only that the exhibits "contain confidential business information." (Doc. 333 at 2)  However, this claim is belied, for example, by the fact that many of the exhibits do not contain substantive information or they already exist in the public domain.  Thus, the parties seem to be under the mistaken impression that it is left to the Court to examine every one of the documents submitted to decide, based upon its own rationale—without benefit of any legal authority, analysis or citation to specific portions of the protective order --whether the data should be sealed. Alternatively, the parties believe that, rather than *requesting*[3] the Court seal specific portions of specific documents for specific reasons, the Court *is required* to seal any document they agree should be sealed.   Either way, the parties are incorrect.[4]

Because the parties have not provided any analysis or legal authority that justifies the information being filed under seal, the Court, clearly, acts within its authority to deny the request outright.  However, having been exposed to this case for some time, the Court is keenly aware of the sensitivity of some of the information at issue.  Thus, the Court has undertaken an *in camera* review of the materials and has attempted to discern—without any assistance by counsel--which information truly is deserving of being shielded from the public view.  In doing so, the Court determines here that

---

[2] The parties provide no explanation for this sloppy work.  Why counsel seeks to file documents under seal that they could not possibly justify with legal authorities, escapes the Court. Given the professionalism this Court has enjoyed by all counsel in this case, it simply cannot believe that they are unaware of the requirements of law or this Court's Local Rules. Notably, it is only this past professionalism that reigns in the Court's inclination to impose sanctions for the condition of this request to seal.

[3] Counsel are reminded that a "request," asks; a "demand" tells. Generally, a litigant *asks* the Court and, in response, the Court *tells* the litigant what the result will be.

[4] Perhaps the parties are unaware that this Court is the busiest in the entire nation and its judicial resources are sorely taxed.  The Court is unaware of any authority that would allow the parties the wholesale abdication of their obligations set forth by the protective order to seek a sealing order as to certain information or that would absolve them of any responsibility for the supporting their request to seal with legal authority and analysis.  In the future, the Court SHALL deny any request to seal which does not identify the specific material to be sealed and or which fails to support each specific request by legal authority and analysis.  Likewise, the Court will impose sanctions.

any arguments that could have been raised to justify sealing the information *have been waived* by the parties' failure to raise them.

**II.    Analysis**

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c). <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. Cal. 2010). Under Federal Rule of Civil Procedure 26(c), the Court may issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." To make the determination whether documents should be sealed, the Court must evaluate whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" <u>Pintos</u>, 605 F.3d at 678 (quoting <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990); see also <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir.2006); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. <u>EEOC</u> at 170. To determine whether such documents should be sealed, the Court is to evaluate factors including, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." <u>Valley Broadcasting Co. v. United States District Court</u>, 798 F.2d 1289, 1294 (9th Cir. 1986).

After the Court's review, it finds that certain of the information detailed below, in fact, reveals confidential, non-public information about GE's and Mitsubishi's corporate operations. As to this information, the request is **GRANTED**. However, as to any information that is non-substantive or is already in the public view, the request is **DENIED**.

///

///

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. <u>No exhibit</u> to the current discovery dispute <u>shall be filed more than one time</u> <u>nor shall any *portion* of any exhibit be filed more than one time</u>;

2. The joint request to seal is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. As to Exhibits 6, 18, 63 and 66, the request is **GRANTED**;

   b. The Clerk of the Court is DIRECTED to file these exhibits under seal;

   c. As to Exhibits 3, 4, 7, 9, 13, 15, 18, 24, 25, 29, 43, 45, 46, 58, 47, 50, 65 and 69, the request to seal is **GRANTED IN PART** as follows:

      i. Exhibit 3, only the following shall be sealed:

         *a.* p.[5] 2, the 2nd and 3rd paragraphs;

         *b.* p. 3, the 1st paragraph;

         *c.* p. 5, the last paragraph and all dollar amounts on the page;

         *d.* p. 7, the dollar amounts listed on the chart;

         *e.* pp. 15-16, 20-22, 33-34, 35, 37-43.

      ii. Exhibit 4, only pages 2 through 4 shall be sealed;

      iii. Exhibit 7, only pages 1 through 2 shall be sealed;

      iv. Exhibit 9, only the dollar amounts shall be sealed;

      v. Exhibit 13, only the dollar amounts shall be sealed;

      vi. Exhibit 15, only page 3 shall be sealed;

      vii. Exhibit 24, only the dollar amounts shall be sealed;

      viii. Exhibit 25, only the following shall be sealed:

         *a.* p. 6, 1st full paragraph in point #3 and the dollar amounts in point #1;

         *b.* p. 7, only the dollar amounts;

         *c.* p. 8, dollar amounts in the 3rd full paragraph and the entirety of

---

[5] The page numbers refer, not to the numbers printed on the page, but to the page number assigned by Adobe and counts every page, including cover pages, etc.

|   |   |   |
|---|---|---|
| 1 | | the 2nd to-the last paragraph |
| 2 | | d.   pp. 13, 14, the entirety of these pages |
| 3 | ix. | Exhibit 29, only the portions of the transcript that were given during the |
| 4 | | portion of the proceeding that was designated as confidential shall be |
| 5 | | sealed; |
| 6 | x. | Exhibit 45, only the dollar amounts shall be sealed: |
| 7 | xi. | Exhibit 46, only the following shall be sealed: |
| 8 | | a.   p. 5, the dollar amounts; |
| 9 | | b.   p. 6, the dollar amounts; |
| 10 | | c.   p. 7, the dollar amounts; |
| 11 | xii. | Exhibit 47, only the portions of the transcript that were given during the |
| 12 | | portion of the proceeding that was designated as confidential shall be |
| 13 | | sealed; |
| 14 | xiii. | Exhibit 50, only the dollar amounts shall be sealed; |
| 15 | xiv. | Exhibit 58, only p. 4, lines 4 through 13 shall be sealed; |
| 16 | xvi. | Exhibit 65, all pages <u>except 1 through 9 and 39 through 50</u> shall be |
| 17 | | sealed; |
| 18 | xvii. | Exhibit 69, only the following shall be sealed: |
| 19 | | a.   p. 10, the dollar amounts; |
| 20 | | b.   p. 13, through the paragraph before point 6 on p. 14; |
| 21 | | c.   p. 16, through the next-to-the-last paragraph on p. 19; |
| 22 | | d.   p. 20, the first 2 paragraphs; |
| 23 | | e.   p. 23, the last paragraph of p. 23 through the paragraph below the |
| 24 | | chart; |
| 25 | | f.   p. 28, the dollar amounts |
| 26 | | g.   p. 29 through the last paragraph before the heading on p. 30; |
| 27 | | h.   p. 32, the first 2 paragraphs below the heading; |
| 28 | | i.   p. 33,   the dollar amounts in the 2nd paragraph; |

    *j.*  p. 34 through p. 35;

   xviii. Within 1 court day, counsel SHALL lodge via e-mail to JLTOrders@caed.uscourts.gov, a copy of each of these exhibits with the redacted information highlighted, so that these full copies may be filed under seal;

  d. As to Exhibits 1, 2, 5, 8, 10, 11, 12, 14, 16, 17, 19, 20, 21, 22, 23, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 49, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 64, 67, 68, 70, 71, 72, 73 and 74, the request to seal is **DENIED**;

  e. Within 1 court day, counsel SHALL file the joint statement on the public docket which is redacted consistently with this order.  At the same time, counsel SHALL lodge via e-mail to JLTOrders@caed.uscourts.gov, a copy of the joint statement with the redacted information highlighted so that this full copy may be filed under seal;

 3. The parties are admonished that any further requests to seal documents SHALL set forth the specific pieces of information, identified by page and line number and with highlighting of the information on the lodged document, that they request be filed under seal and they SHALL support each specific request by legal authority and analysis.

IT IS SO ORDERED.

Dated:  **May 30, 2012**     **/s/ Jennifer L. Thurston**
                UNITED STATES MAGISTRATE JUDGE