UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY et al., | ) | Case No.: 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ) ) | ORDER GRANTING IN PART JOINT REQUEST TO SEAL DOCUMENTS |
| v. | ) ) | |
| THOMAS WILKINS, | ) | (Docs. 372, 373, 374) |
| Defendant. | ) ) ) | |

      Before the Court, are the requests of the parties to seal various documents lodged by GE that will be relied upon in motions for summary judgment that will be filed. (Docs. 372, 373, 374)

      A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c). <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. Cal. 2010). Under Federal Rule of Civil Procedure 26(c), the Court may issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." To make the determination whether documents should be sealed, the Court must evaluate whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for

1

discovery against the need for confidentiality.'" Pintos, 605 F.3d at 678 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. To determine whether such documents should be sealed, the Court is to evaluate factors including, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

It is asserted that the documents sought to be sealed include confidential business records of GE, patent application materials, confidential personal identifiers set forth in personnel records, attorney client communications and attorney-work product. Such materials are properly sealed. Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986); In re Spalding Sports Worldwide, Inc., 203 F.3d 805, 806 (Fed. Cir. 2000); China Intl Travel Servs. (USA) v. China & Asia Travel Serv., 2008 U.S. Dist. LEXIS 106622 at *29 (N.D. Cal. Dec. 18, 2008); Mine O'Mine, Inc. v. Calmese, 2012 U.S. Dist. LEXIS 53077 at *10 (D. Nev. Apr. 16, 2012).

After the Court's review, it finds that certain of the information detailed below, in fact, reveals confidential, non-public information about GE's corporate operations, information that is protected by the attorney-client communication or attorney work-product privileges or constitutes non-public personal identifier or tax information. As to this information, the requests to seal are **GRANTED**.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The requests to seal (Docs. 372, 373, 374) are **GRANTED** as follows:

   a. Exhibits 3, 4, 6, 7-18, 20-22, 24-28, 30-32, 34-81 are **ORDERED** to be **SEALED**;

   b. The Clerk of the Court is **DIRECTED** to file these exhibits under seal;

   c. As to Exhibits 5, 19, 23, 29 and 33, the parties are withdrawing these exhibits because they duplicate other exhibits.

 2. In addition, the Court **ORDERS** that moving, opposing or reply briefs related to dispositive motions, which reveal information that is sealed, this information within the briefs also **SHALL** be **SEALED**.  Any such brief **SHALL** be filed on the public docket with the sealed information redacted.  Simultaneously with the filing on the public docket, the proponent of the brief **SHALL** lodge a copy of the brief to be sealed to JLTOrders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:  **June 28, 2012**      **/s/ Jennifer L. Thurston**
                 UNITED STATES MAGISTRATE JUDGE