WILMER CUTLER PICKERING HALE AND DORR LLP
WILLIAM F. LEE (admitted *pro hac vice*)
RICHARD W. O'NEILL (admitted *pro hac vice*)
ELIZABETH M. REILLY (admitted *pro hac vice*)
LOUIS W. TOMPROS (admitted *pro hac vice*)
CARRIE H. SEARES (admitted *pro hac vice*)
SYDENHAM B. ALEXANDER, III (admitted *pro hac vice*)
NIMIT Y. PATEL (admitted *pro hac vice*)
ALEX C. BOUDREAU (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

WILMER CUTLER PICKERING HALE AND DORR LLP
ANDREA JEFFRIES (State Bar No. 183408)
350 South Grand Avenue, Suit 2100
Los Angeles, CA 90071
Telephone:  (213) 443-5397
Facsimile:   (213) 443-5400

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH, LLP
LOWELL T. CARRUTH (State Bar No. 34065)
5 River Park Place East
P.O. Box 28912
Fresno, CA 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiffs
GENERAL ELECTRIC COMPANY AND
GE WIND ENERGY, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, a New York corporation; and GE WIND ENERGY, LLC, a Delaware limited liability company,<br><br>  Plaintiffs and Counter-Defendants,<br><br>  vs.<br><br>THOMAS WILKINS, an individual,<br><br>  Defendant and Counter-Plaintiff. | Case No. 1:10-cv-00674 LJO JLT<br><br>**ORDER GRANTING SECOND REQUEST OF PLAINIFF, DEFENDANT AND INTERVENOR TO SEAL ADDITIONAL DOCUMENTS RELATED TO DISPOSITIVE MOTIONS**<br><br>**(Docs.  444, 445, 446)** |

Before the Court are the requests of each of the parties to seal additional documents they intend to use in the upcoming dispositive motions. (Docs. 444, 445, 446) It appears that the documents sought to be filed under seal here, relate to oppositions to motions.

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c). Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010). Under Federal Rule of Civil Procedure 26(c), the Court may issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." To make the determination whether documents should be sealed, the Court must evaluate whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" Pintos, 605 F.3d at 678 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. To determine whether such documents should be sealed, the Court is to evaluate factors including, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

It is asserted that the documents sought to be sealed include confidential business records of GE, patent application materials, confidential personal information, attorney client communications and attorney-work product material. Such materials are properly sealed. Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986); In re

Spalding Sports Worldwide, Inc., 203 F.3d 805, 806 (Fed. Cir. 2000); China Intl Travel Servs. (USA) v. China & Asia Travel Serv., 2008 U.S. Dist. LEXIS 106622 at *29 (N.D. Cal. Dec. 18, 2008); Mine O'Mine, Inc. v. Calmese, 2012 U.S. Dist. LEXIS 53077 at *10 (D. Nev. Apr. 16, 2012).

After the Court's review, it finds that certain of the information detailed below, in fact, reveals confidential, non-public information about the parties' corporate operations, information that is protected by the attorney-client communication or attorney work-product privileges or constitutes non-public personal information. Thus, the requests to seal are **GRANTED**.

Based upon the foregoing, the Court ORDERS:

1. The requested portions of Exhibits 3 through 23 to Mr. McGinness' declaration, are ordered SEALED;

2. The parties SHALL file their opposition papers no later than July 13, 2012 in redacted form, consistent with the Court's rulings herein.

IT IS SO ORDERED.

Dated:   **July 12, 2012**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING SECOND REQUEST TO SEAL ADDITIONAL DOCUMENTS RELATED TO DISPOSITIVE MOTIONS