**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, et., | CASE NO. CV F 10-0674 LJO JLT |
| Plaintiffs, | **ORDER TO DISMISS WITH PREJUDICE CERTAIN CLAIMS** |
| vs. | |
| THOMAS WILKINS, | |
| Defendant. | |
| _____/ | |
| AND COUNTERACTION. | |
| _____/ | |

On June 28, 2012, plaintiffs General Electric and GE Wind Energy LLC (collectively referred to as "GE") filed a Notice of Abandonment of Certain Asserted Claims (Doc. 383). In the notice, GE explained that although the parties were unable reach a stipulation on the issue, GE wished to abandon with prejudice its contract claims against defendant Thomas Wilkins ("Mr. Wilkins"). Specifically, GE notified the Court of its intent to abandon the following claims with prejudice:

    a.    First Claim for Relief for Breach of Contract as to '985 Patent–C&I Agreement;

    b.    Second Claim for Relief for Breach of Contract as to '985 Patent–EIPI Agreement;

    c.    Fourth Claim for Relief for Breach of Contract as to the '565 Patent–C&I Agreement;

    d.    Fifth Claim for Relief for Breach of Contract as to the '565 Patent–EIPI Agreement;

1       e.      Seventh Claim for Relief for Declaratory Relief–Appointment of Attorney-in-Fact under

2             C&I Agreement; and

3       f.      Eighth Claim for Relief for Declaratory Relief–Rights to Invention During Employment,

4             but only to the extent this claim for relief is based on Paragraphs 95 or 96 of the

5             Amendment Complaint; and

6       g.      GE's corresponding claims for compensatory damages as described in its Payer for Relief

7             Paragraphs H and I.

8 GE indicated that it intends to pursue its remaining claims at trial.

9     Mr. Wilkins filed a response to GE's notice of abandonment of claims on July 20, 2012 (Doc. 564). Mr. Wilkins did not dispute that GE's abandoned claims should be removed from the case. The only dispute was how that removal ought to be accomplished. Mr. Wilkins argues that an order of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) is the appropriate means to remove the abandoned claims rather than GE's notice of abandonment of the claims. Alternatively, Mr. Wilkins asserts that GE must amend its complaint to withdraw the claims pursuant to Fed. R. Civ. P. 15. Mr. Wilkins submits, among other things, a proposed order dismissing the abandoned claims with prejudice.

    GE filed a reply to Mr. Wilkins' response on July 30, 2012. In the reply, GE notes that it does not oppose entry of dismissal of the abandoned claims with prejudice. Again, GE disputes the mechanism to effectuate that dismissal. GE argues that Fed. R. Civ. P. 41(b) is inappropriate, and requests this Court to deny Mr. Wilkins' proposed order of dismissal pursuant to Fed. R. Civ. P. 41(b). GE submits a revised proposed order dismissing the abandoned claims with prejudice. GE's proposed order is nearly identical to that submitted by Mr. Wilkins, with the exception of the mention of Fed. R. Civ. P. 41(b).

    This Court agrees with GE Fed. R. Civ. P. 41(b) in an inappropriate procedural mechanism to dismiss the contract claims it wishes to abandon with prejudice. Fed. R. Civ. P. 41(b) provides that "a defendant may move to dismiss the action or any claim against it" if the "plaintiff fails to prosecute" any claims asserted. Pursuant to this rule, the Court may dismiss either on the defendant's motion or *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). Involuntary dismissal based on this rule, however, should be predicated on either the plaintiff's failure to prosecute its claims or

failure to obey court orders.  Neither circumstance presents itself in this action.  To the contrary, GE has vigorously prosecuted its contract claims in this action.  GE successfully filed a temporary restraining order based, in part, on the strength of its contract claims at the time that motion was filed.  Moreover, although GE has expressed its intention to abandon these claims at this stage in the litigation, Fed. R. Civ. P. 41 is further inappropriate because it is an involuntary dismissal.  Here, GE is seeking to dismiss these claims voluntarily.  Accordingly, this Court finds that Fed. R. Civ. P. 41(b) is inapplicable to dismiss GE's abandoned claims.

Undisputedly, Mr. Wilkins and GE both parties both agree to a dismissal of the contract claims with prejudice.  Based on this Court's reading of these parties' responses, this Court construes these responses as a stipulation to dismiss these claims with prejudice.  Based on this agreement, and for good cause appearing, this Court DISMISSES with PREJUDICE the following claims:

a. First Claim for Relief for Breach of Contract as to '985 Patent–C&I Agreement;

b. Second Claim for Relief for Breach of Contract as to '985 Patent–EIPI Agreement;

c. Fourth Claim for Relief for Breach of Contract as to the '565 Patent–C&I Agreement;

d. Fifth Claim for Relief for Breach of Contract as to the '565 Patent–EIPI Agreement;

e. Seventh Claim for Relief for Declaratory Relief–Appointment of Attorney-in-Fact under C&I Agreement; and

f. Eighth Claim for Relief for Declaratory Relief–Rights to Invention During Employment, but only to the extent this claim for relief is based on Paragraphs 95 or 96 of the Amendment Complaint; and

g. GE's corresponding claims for compensatory damages as described in its Payer for Relief Paragraphs H and I.

IT IS SO ORDERED.

1  **Dated:      July 31, 2012**                          /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE