IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS WILKINS, an individual <br><br> Defendant. | Case No.: 1:10-cv-00674 LJO JLT <br><br> ORDER GRANTING ATTORNEYS FEES TO GE RE: MOTION FOR SANCTIONS <br><br> (Doc. 331) |

On June 22, 2012, the Court issued its order granting in part and denying in part GE's motion for sanctions. In this order, to address GE's request for attorneys' fees, the Court required GE to submit an accounting of the fees sought (Doc. 369 at 20) and GE has complied. (Doc. 462) The Court has considered also, the joint opposition submitted by Wilkins and Mitsubishi (Doc. 569) and GE's reply (Doc. 578).

**1. The Court is authorized to impose sanctions for failure to make disclosures or to cooperate with discovery**

Under Fed. R. Civ. P. 37(c)(1)(A), the Court is authorized to order an award of attorneys fees and costs caused by the conduct of the errant parties. This section reads,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

       **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

Indeed, this Court has determined already that an award of attorneys' fees is justified against Mitsubishi and Wilkins for their conduct in asserting inapplicable privileges, failing to make a timely and diligent search for documents and failing to make clear that documents were not disclosed. (Doc. 369 at 20)

    In evaluating a request for a fee award, the Court must consider contemporaneously prepared time records, the amount of time spent and the nature of the work performed.

        **A.    GE has failed to demonstrate the hours worked were reasonable**

    GE provides records of its counsel seeking compensation for nearly 300 hours of work performed in connection with the instant dispute. The records provide descriptions of work performed from May 7, 2012 through the hearing on the motion to compel on June 11, 2012. GE contends that the work was necessary and reasonable but, notably, many of the entries fail to explain the work done (i.e., "Review and revise joint statement"[1]) and many, many others document communications between the various GE attorneys working on this case without showing why this was necessary to the work.[2] Other entries detail that more than one attorney attended to the same task without setting forth facts that would demonstrate that this was necessary or reasonable. Given this, the Court is convinced that the number of people working on this dispute caused the amount of hours expended to be unreasonable. "The district court . . . should exclude from this initial calculation hours that were not 'reasonably expended.' Cases may be overstaffed, and the skill and experience of lawyers vary widely." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Thus, the Court is justified in reducing the hours where it appears that

---

[1] Though this explanation may be sufficient when only one attorney works on a matter, when four attorneys are working on the same document, this vague description of the work done fails to assure the Court that duplication of effort has not occurred.

[2] The Court recognizes, of course, the more attorneys working on the same matter, the greater the need to "confer" with one another. Though the Court has no criticism for GE employing four attorneys and two paralegals to work on this matter, the Court is unconvinced that all of these staff members were reasonably necessary for this, relatively routine, discovery dispute. See, 99 Only Stores v. 99 Cent Family Sav., 1:10-CV-1319-LJO-MJS, 2011 WL 2620983 (E.D. Cal. June 29, 2011) ("Certainly, having such a large number of attorneys required a duplication of time which in fairness should not be allocated to Defendants.")

effort was duplicated.

Though the joint statement was comprehensive—indeed overly so—spending 300 hours on this discovery dispute, given the results obtained[3], was not reasonable. Moreover, the significant amount of fees sought is not proportionate to the relief ordered by the Court. Thus, the Court has reviewed in detail the billing records provided by GE and finds has deleted any time for which there was not an adequate description of the work done or where the description fails to demonstrate that the work done was reasonably necessary to the ultimate document produced (i.e., "Review case law . . .", "Research related to joint statement"). Likewise, the Court has deleted hours spent by counsel communicating with co-counsel where there is no showing how this communication was necessary to the work rather than merely serving the purpose of having the entire team of lawyers be fully up-to-date. Along these lines, the Court has deleted those entries where the amount of time spent "communicating" with co-counsel is not set forth separately from the actual work done. FInally, the Court has deleted work spent *before* completion of the meet-and-confer efforts concluded and it has reduced the allowable hours for tasks to a reasonable amount (i.e. 1.9 hours to prepare a 3-page motion and notice of motion reduced to .1 hour). On the other hand, the Court awards GE the cost of its counsel to travel to the hearing—in light of the fact that Wilkins and Mitsubishi also determined that personal appearance at the hearing was required—and awards the costs, for the most part, of compiling the exhibits—given that Wilkins/Mitsubishi requested that GE's counsel take charge of this work.[4]

After this effort, the Court concludes the following are the hours reasonably spent and properly supported:

Ms. Reilly          80 hours

---

[3] When issuing its order on GE's motion for sanctions, it appeared to the Court that GE was overreaching in terms of some of the relief sought. For example, taking exception to Mitsubishi's selection of PMK deponents and charging that Mitsubishi should have identified its former attorney Mr. Winland, ignores the requirement that Mitsubishi was to produce a deponent who had the current authority to bind the entity. Likewise, seeking to strike Mr. Wilkins' damage claim based upon the loss of the e-mails that *were* preserved by Mr. Schulte, would have been an extraordinary and overly harsh ruling. Had GE made a more focused attack in its motion to compel, the amount of time spent would have been greatly reduced and more reasonably spent.

[4] The Court has no information why each party did not take charge of its own exhibits, so to reduce the burden on the part filing the joint statement and, more importantly, allow each party to assure itself that its own documents were in order.

| | | |
|---|---|---|
| 1 | Mr. Tompros | .9 hours |
| 2 | Mr. Alexander | 29.9 hours |
| 3 | Ms. Boudreau | 39.6 hours |
| 4 | Mr. Huggins | 1.1 hours |
| 5 | Mr. Gustavsen | 8.9 hours |
| 6 | Total | 160.4 hours |

**B.  GE has failed to demonstrate the relevant legal community is not the Eastern District of California – Fresno Division**

Generally, the relevant legal community is the forum where the District Court sits. Mendenhall v. Nat'l Transp. Safety Bd., 213 F.3d 464, 471 (9th Cir. 2000) overruled on other grounds in Gonzalez v. Arizona, 677 F.3d 383 (9th Cir. 2012) ("Under Ninth Circuit case law, however, the relevant legal community is the 'forum district.' Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.1992); cf. Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir.1997) ("Generally, the relevant community is the forum in which the district court sits.").") Recently, in S.A. a minor ex. rel. his parents v. Tulare County Office of Educ., 2009 WL 4048656 at *4 (E.D. Cal. Nov. 20, 2009), this Court held,

> The relevant community is the forum in which the district court sits. Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir.1991); see also, Barjon v. Dalton, 132 F.3d 496 (9th Cir.1997) (applying the prevailing rate for the Sacramento community to an attorney whose practice was based in San Francisco). This Court sits in the Eastern District of California, Fresno division. Thus, the relevant community is Fresno, California. "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir.2008).

Again in Frank v. Wilbur-Ellis Co. Salaried Employees Ltd Plan, 2009 WL 2579100 at *4 (E.D. Cal. Aug. 19, 2009), the Court held, "'the established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.' Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir.2008). 'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.' Id."

Here, Ms. Reilly asserts that the relevant legal community should be considered to be the "highly regarded national law firms that have the resources to handle complex, resource-intensive intellectual property litigations." (Doc. 462 at 6) She asserts, therefore, that the rates sought to be recovered should be weighed against other "Boston-area intellectual property practitioners." Id. Notably, however, the Ninth Circuit Court of Appeals has instructed that "rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.' Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.1992)." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997). GE fails to detail that local counsel was unwilling or unable to properly handle the case. Indeed, local counsel for GE, Lowell Carruth, has a stellar reputation in the relevant legal community—as does William Hahesy. Thus, without a showing that would allow the Court to shift its focus away from the instant forum, the Court cannot conclude that the relevant legal community is other than the Fresno Division of the Eastern District of California.

GE fails to provide any information as to the hourly rates for counsel of equivalent experience in this forum. However, the Court is aware that significantly experienced counsel with extensive trial experience, have been awarded $350 per hour while well-experienced attorneys with a great amount of trial experience, have been awarded $300 per hour. 99 Only Stores v. 99 Cent Family Sav., 2011 WL 2620983 (E.D. Cal. June 29, 2011) ("The Court is aware of qualified and experienced trademark litigators in the Central Valley who charge no more than $350 per hour for such work.")

The Court has little information before it that would demonstrate the experience levels of the attorneys involved here except what it has observed in hearings and the report of the "status levels" of the attorneys within their firm. Based upon this scant information, the Court finds the following hourly rates to be reasonable:

Ms. Reilly        $350
Mr. Tompros       $350
Mr. Alexander     $250
Ms. Boudreau      $250

Mr. Huggins        $100

Mr. Gustavsen      $85

Thus, the Court awards $46,556.50 in expenses and attorneys fees in connection with GE's motion for sanctions.  (Doc. 331)

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. GE is awarded $46,556.50 in expenses and fees;

2. This amount is payable jointly by Defendant Wilkins and Intervenor Mitsubishi jointly, and is due within 14 days.

IT IS SO ORDERED.

Dated:   **August 15, 2012**                         **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE