IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GE ELECTRIC COMPANY, et al., | Case No. 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ORDER ON DEFENDANT'S EX PARTE APPLICATION TO DISSOLVE THE PRELIMINARY INJUNCTION AS TO THE '565 PATENT |
| vs. | |
| THOMAS WILKINS, | (Doc. 583) |
| Defendant. | ORDER VACATING THE PRETRIAL CONFERENCE SCHEDULED FOR OCTOBER 5, 2012 AND CONTINUING THE PRETRIAL CONFERENCE TO MONDAY, OCTOBER 22, 2012 AT 2:30 P.M. |

Now pending before the Court is Defendant and Counter-plaintiff Thomas A. Wilkins' ("Mr. Wilkins'") ex parte application to dissolve the preliminary injunction entered May 5, 2011 as to U.S. Patent No. 6,924,565 ("the '565 patent"). Plaintiffs and Counter-defendants GE Electric Company and GE Wind Energy, LLC (collectively "GE") have opposed the application, and Mr. Wilkins has filed a reply. Mr. Wilkins and GE have also filed further briefing on this matter at the direction of the Court. Upon careful consideration of the parties' arguments, the Court rules as follows.

**I.   BACKGROUND**

This action concerns two patents relating to wind turbine generators: the '565 patent and U.S. Patent No. 6,921,985 ("the '985 patent"). Mr. Wilkins, a former employee of GE and its predecessors, is one of seven named inventors of the '565 patent and claims to be an unnamed inventor of the '985 patent. GE, however, claims that it is the sole owner of both patents and initiated this action seeking, among other things, declaratory relief to that effect.

1

The relevant procedural history is as follows. On May 5, 2011, the Court granted GE's motion for a preliminary injunction. Under the preliminary injunction, Mr. Wilkins is enjoined from licensing or offering for license technology described in the '565 and '985 patents. The preliminary injunction specifically provides:

> [Mr. Wilkins] and those acting in concert with him, and those who have actual notice of this order, are enjoined and restricted from licensing or offering to license any interest in the technology described in the '565 and '985 patents, or from making any representation that [Mr.] Wilkins is presently legally entitled to license such technology, pending the entry of a final judgment in this action or further order of the court.

(ECF No. 190 at 26).

On June 28, 2012, GE notified the Court of its intention to abandon several of its claims with prejudice. GE elected to proceed on only three of its claims: (1) Third Cause of Action – Declaratory Relief – Rights to '985 Patent; (2) Sixth Cause of Action – Declaratory Relief – Rights to '565 Patent; and (3) Eighth Cause of Action – Declaratory Relief – Rights to Inventions Created During the Course of Employment.

On June 29, 2012, GE and Mr. Wilkins filed cross-motions for summary judgment. GE argued that it was entitled to summary judgment on its claims because Mr. Wilkins was essentially "hired to invent" and thus under California law, specifically California Labor Code section 2860, any inventions created by Mr. Wilkins as part of his duties of employment belonged to GE. For his part, Mr. Wilkins countered that he was entitled to summary judgment because California Labor Code section 2860 does not pertain to inventions and therefore he had no duty to assign his patent rights to GE. Mr. Wilkins also argued that GE's claims are time-barred. According to Mr. Wilkins, the statute of limitations for GE's claims is two years; GE's claims accrued by 2005 at the latest; and GE did not initiate this action until April 15, 2010.

The Court granted in part and denied in part the cross-motions for summary judgment. For the purpose of Mr. Wilkins' pending application, the Court's order is relevant in three respects. *First*, the Court concluded that California Labor Code section 2860 obligates an employee "hired to invent" to assign his patent rights to his employer, but in this case there are genuine disputes of material fact as to whether Mr. Wilkins was hired to invent. *Second*, the Court concluded that Mr. Wilkins is not entitled to summary judgment on GE's third and eighth claims for relief based on the statute of limitations. To

the extent that those claims allege that Mr. Wilkins had a duty to assign his rights to the '985 patent, there are genuine disputes of material fact as to whether Mr. Wilkins's actions triggered the statute of limitations in 2002. And, to the extent that those claims assert that Mr. Wilkins is constrained under California law from licensing the '985 patent, the statute of limitations period has yet to expire. *Third*, the Court concluded that Mr. Wilkins is entitled to summary judgment on GE's sixth and eighth claims for relief based on the statute of limitations to the extent that those claims allege that Mr. Wilkins had a duty to assign his rights to the '565 patents.

On September 19, 2012, Mr. Wilkins filed the now pending ex parte application to dissolve the May 5, 2011 preliminary injunction. Mr. Wilkins and GE thoroughly briefed the matter.[1] Mr. Wilkins essentially argues that the Court granted summary judgment in his favor on all of GE's claims relating to the '565 patent (GE's sixth and eighth claims for declaratory relief) and therefore GE is no longer entitled to preliminary injunctive relief with respect to the '565 patent. GE disagrees; GE argues that the Court only granted Mr. Wilkins summary judgment on those claims "to the extent that GE seeks declaratory relief that Mr. Wilkins has a *duty to assign* his rights in the '565 patent[.]" (ECF. No. 580, Order on Summ. J., at 27) (emphasis added). As such, GE maintains that its claims for relief relating to the '565 patent are still viable to the extent that GE still seeks declaratory relief that Mr. Wilkins is *constrained from licensing* the '565 patent.

**II.   DISCUSSION**

    **A.   The '565 Patent**

        **1.   Scope of the Summary Judgment Order**

GE is correct that the Court's summary judgment order does not necessarily preclude GE from pursuing declaratory relief that Mr. Wilkins is constrained from licensing the '565 patent. The Court only granted Mr. Wilkins summary judgment with respect to the issue of Mr. Wilkins' duty to assign his rights to the '565 patent. The Court did not resolve the issue of licensing. As the Court indicated in connection with its discussion of the '985 patent, licensing is "separate and distinct" from the duty to assign and it appeared that the issue had not been addressed by either Mr. Wilkins or GE. (Id. at 26.)

---

[1] GE filed a response to Mr. Wilkins' ex parte application on September 25, 2012, and Mr. Wilkins filed a reply with the Court's permission on September 27, 2012. Then, upon direction of the Court, the parties filed further briefing on October 3, 2012.

1  Therefore, to the extent that Mr. Wilkins now argues that the Court granted summary judgment in his
2  favor on *all* of GE's claims relating to the '565 patent, he is mistaken.

### 2. *Sua Sponte* Summary Judgment

Nevertheless, the Court finds that summary judgment in favor of Mr. Wilkins on the issue of licensing the '565 patent may now be appropriate. In connection with the pending ex parte application to dissolve the preliminary injunction, GE has clarified its position regarding the licensing issue, and GE's legal theory appears to lack merit.

The dispositive question is whether GE has any basis in law for precluding Mr. Wilkins from licensing the '565 patent. As a preliminary matter, all the parties (including GE) agree that GE cannot preclude Mr. Wilkins from licensing the '565 patent on the basis that GE hired Mr. Wilkins to invent and therefore has sole legal title to the '565 patent. It is a basic tenant in patent law that "the rights in an invention belong to the inventor." Bd. of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, 131 S. Ct. 2188, 2192, 180 L. Ed. 2d (2011). Those rights may be transferred to another party only through assignment. See SiRF Tech., Inc. v. Int'l Trade Comm'n, 601 F.3d 1319, 1327 n.5 (Fed. Cir. 2010) ("The inventor is presumed to be the owner of a patent application, and [any] patent that may issue therefrom, unless there is an assignment.") (quoting 37 C.F.R. § 3.73(a)). If an employee is hired to invent, he has an obligation to assign his rights to any invention to his employer. See Banks v. Unisys Corp., 228 F.3d 1357, 1359 (Fed. Cir. 2000). However, this is only an *obligation*; legal title to the invention does not automatically pass to the employer in the absence of further legal action on the part of the employer to perfect its title. See Gellman v. Telular Corp., 449 Fed. Appx. 941, 944-45 (Fed. Cir. 2011).

Here, the Court concluded in its summary judgment order that even if Mr. Wilkins was hired to invent, GE's ability to enforce Mr. Wilkins' obligation to assign his rights to the '565 patent is time-barred. The statute of limitations period on that claim expired in 2007 at the latest. Accordingly, GE cannot establish sole legal title to the '565 patent under a "hired to invent" theory and cannot preclude Mr. Wilkins from licensing the patent on that basis.

Recognizing this, GE resorts to an alternative legal theory. GE argues that "under California law" an employee hired to invent not only has a duty to assign his rights, but also has an *independent*

duty not to use an invention to the detriment of his employer. GE, however, offers scant legal support for its position. GE primarily relies on one case, Daniel Orifice Fitting Co. v. Whalen, 198 Cal. App. 2d 791 (Ct. App. 1962).[2] Yet, as Mr. Wilkins points out, Whalen does not bear the heavy weight that GE now places on it. In Whalen, the court stated, broadly:

> Where a person is employed to design improvements to the product of his employer, or to design new products for his employer, and he does so, he may not use the results of such work for his own use and benefit, and particularly not to the detriment of his employer.

Id. at 797 (citations omitted). The court then concluded that an officer breached his fiduciary duty to his employer by concealing trade secrets and later using the secrets to form a company in competition with his employer. What the court did *not* do was apply this broad principle in the context of patents and patent licensing rights, as GE attempts to do now. Patents were not at issue in Whalen. Tellingly, GE itself admits of finding no case law – state or federal – applying Whalen's broad principle to patent rights. (See ECF No. 608, Resp. by GE, at 4 n.2.)

Moreover, assuming GE's interpretation of California law is correct, California law would be in sharp tension with federal patent law. Under federal law, the hired to invent doctrine only creates a duty to assign patent rights. See Banks, 228 F.3d at 1359 (the question of whether an employee was hired to invent raises the question of whether the parties entered an "implied-in-fact contract to assign patent rights"); Gellman, 449 Fed. Appx. at 945 ("[The hired to invent doctrine] is expressly equitable, and creates only an obligation for the employee to assign to his employer."). Absent assignment, Mr. Wilkins retained his ownership interest in the '565 patent and enjoys an unfettered right to license the patent. Accord 35 U.S.C. § 262; Schering Corp. v. Roussel-UCLAF SA, 104 F.3d 341, 344 (Fed. Cir. 1997) ("Each [patent owner's] ownership rights carry with them the right to license others, a right that does not require the consent of any other co-owner."). Any California law suggesting otherwise is pre-empted by federal patent law. See, generally, Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141 (1989); accord Everex Sys., Inc. v. Cadtrak Corp., 89 F.3d 673, 679 (9th Cir. 1996) (federal law controls assignment of patent licenses).

---

[2] This case is no stranger to the Court. GE relied on this case in its motion for summary judgment as part of its more general argument regarding the hired to invent doctrine. (See ECF No. 392-2 at 18-20.)

5

Because GE's legal basis for precluding Mr. Wilkins from licensing the '565 patent appears to lack merit, the Court will tentatively grant Mr. Wilkins summary judgment on this matter. See Fed. R. Civ. P. 56(f)(3); accord Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010) ("District courts unquestionably possess the power to enter summary judgment *sua sponte*, even on the eve of trial."). GE will be given a final opportunity to raise any other issues not already addressed by the Court before summary judgment is entered. See Norse, 629 F.3d at 971 (*sua sponte* summary judgment authorized only after the losing party is given reasonable notice).

### 3. Partial Dissolution of Preliminary Injunction

Further, in light of the Court's conclusion that GE cannot prevail on its claims as they relate to the '565 patent, the Court sees no reason why the preliminary injunction should remain in effect as to the '565 patent. Accordingly, Mr. Wilkins' request that the preliminary injunction be dissolved as to the '565 patent is granted. See Winter v. Nat'l Resources Defense Council, Inc., 555 U.S. 7, 21 (2008) (preliminary injunctive relief is appropriate only where there is a likelihood of success on the merits, among other things); System Federation No. 91 Railway Employees' Dep't v. Wright, 364 U.S. 642, 647-48 (1961) (holding that district court has "wide discretion" to modify an injunction based on new facts or changed circumstances).

### B. The '985 Patent

In its response to the Court's request for further briefing, GE also concedes that it cannot meet the evidentiary burden for the statute of limitations with respect to the '985 patent. (ECF No. 608 at 4-5.) GE admits that (1) Mr. Wilkins did not sign an assignment of his rights to the '985 patent when he was presented with the form during his exit interview in 2002; and (2) therefore, as of 2002, GE was aware that Mr. Wilkins breached his duty to assign. (See id. at 5.) In light of these admissions, GE's claim relating to Mr. Wilkins' duty to assign any rights to the '985 patent fails as a matter of law. The two-year statute of limitations period on that claim expired some time in 2004. Accordingly, the Court will grant summary judgment in favor of Mr. Wilkins on this matter as well.[3]

---

[3] GE's only remaining claim is for declaratory relief precluding Mr. Wilkins from licensing the '985 patent. The Court cannot grant summary judgment on this issue because it has not yet been established in *this* action that Mr. Wilkins has an ownership interest in the '985 patent as an inventor. Thus, the reasoning for summary judgment set forth above with respect to the licensing of the '565 patent does not apply with equal force to the licensing of the '985 patent.

6

**C. Partial Final Judgment**

Lastly, in the event that the Court concludes that Mr. Wilkins is entitled to summary judgment on GE's claims, GE asks the Court to enter partial final judgment on those claims pursuant to Federal Rule of Civil Procedure 54(b). GE indicates that it wishes to immediately appeal the Court's summary judgment rulings.

Rule 54(b) applies where the court has entered a final decision as to particular claims, yet that decision is not immediately appealable because other issues in the case remain unresolved. James v. Price Stern Sloan, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Pursuant to Rule 54(b), the court may sever its partial decision for immediate appeal if it determines that there is "no just reason for delay." Id. In making this determination, however, courts must take into account "judicial administrative interests" so that the "historic federal policy against piecemeal appeals" is not needlessly undermined. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) (citation omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment" as to certain claims. Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The Court finds that entering partial final judgment and allowing GE to immediately appeal the Court's summary judgment rulings would only risk creating needless piecemeal appeals. First, GE's claims have not all been resolved. Second, trial is scheduled to commence in one month, and GE has not shown any "pressing needs" that cannot wait until trial is complete and final judgment is entered. Accordingly, GE's request for partial final judgment under Rule 54(b) is denied.

**III. CONCLUSION**

For the reasons set forth above, the Court:

1. TENTATIVELY GRANTS summary judgment *sua sponte* in favor of Mr. Wilkins on the following claims:

    a. GE's sixth and eighth claims for declaratory relief to the extent that the claims seek to preclude Mr. Wilkins from licensing the '565 patent; and

    b. GE's third and eighth claims for declaratory relief to the extent that the claims

7

seek to enforce any alleged duty on the part of Mr. Wilkins to assign his rights to the '985 patent to GE.

Within seven days of the date of this order, GE may file an objection arguing against the entering of summary judgment on the above issues, but GE must limit its argument to issues that have not already been fully addressed in this order. If GE declines to file an objection, summary judgement will be awarded to Mr. Wilkins on these matters without further order from the Court.

2. PARTIALLY DISSOLVES the May 5, 2011 preliminary injunction to the extent that it relates to the '565 patent.

3. DENIES GE's request for partial final judgment under Rule 54(b).

4. VACATES the pretrial conference that is currently scheduled for October 5, 2012. The pretrial conference is CONTINUED to October 22, 2012 at 2:30 p.m. The parties shall submit a revised joint pretrial statement by no later than October 20, 2012.

IT IS SO ORDERED.

Dated:    October 4, 2012                              /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE

8