IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GE ELECTRIC COMPANY, et al., | Case No. 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANT SUMMARY JUDGMENT ON CERTAIN CLAIMS |
| vs. | |
| THOMAS WILKINS, | (Doc. 610) |
| Defendant. | |
| _____ / | |

By order filed October 4, 2012, the Court tentatively granted summary judgment *sua sponte* in favor of Mr. Wilkins on the following claims: (1) GE's sixth and eighth claims for declaratory relief to the extent that those claims seek to preclude Mr. Wilkins from licensing the '565 patent; and (2) GE's third and eighth claims for declaratory relief to the extent that those claims seek to enforce any duty on the part of Mr. Wilkins to assign his rights to the '985 patent to GE. Consistent with Federal Rule of Civil Procedure 56(f), the Court afforded GE an opportunity to respond before the entrance of summary judgment on these matters. GE filed a response on October 11, 2012. In its response, GE raises two issues, which the Court addresses below.

First, GE clarifies that it does not admit that "(1) Mr. Wilkins did not sign an assignment of his rights to the '985 patent when he was presented with the form during his exit interview in 2002; and (2) [that] . . . as of 2002, GE was aware that Mr. Wilkins breached his duty to assign." (ECF No. 610 at 6.) Rather, GE notes that it specifically concedes that:

(1) Mr. Wilkins did not sign an EIPIA [Employee Innovation and Proprietary Information Agreement] form at his exit interview in November 2002;

(2) At his exit interview in November 2002, Mr. Wilkins was presented with, but refused to sign, a form re-acknowledging his EIPIA obligations; and

(3) As of November 2002, GE was aware that Mr. Wilkins refused to sign the EIPIA re-acknowledgment form at his exit interview.

1

(ECF No. 608 at 5; ECF No. 623 at 4.)  While GE's clarification of this matter is well-taken and duly noted, it does not ultimately change the Court's conclusion that GE's claims regarding Mr. Wilkins' alleged duty to assign his rights in the '985 patent are time-barred.  In its summary judgment order, the Court held:

> If a trier of fact determines that Mr. Wilkins refused to sign the EIPIA and that GE knew that he refused to sign the EIPIA in November or December 2002, then the limitations period would have begun to run on all of GE's claims at that time. If a trier of fact makes those factual determinations, then GE's claims are time-barred as a matter of law.

(ECF No. 580 at 24.)  Because GE concedes these factual issues, it follows from the Court's summary judgment order that GE's claims regarding Mr. Wilkins' duty to assign his rights in the '985 patent are time-barred and thus summary judgment in favor of Mr. Wilkins is appropriate.

Second, GE seeks clarification that even if GE's claims regarding Mr. Wilkins' duty to assign his rights to the '985 patent are time-barred, GE may still present evidence at trial on ownership of the '985 patent as a defense to Mr. Wilkins' counterclaims for unjust enrichment.  The Court declines to decide this issue at this time, particularly in light of the fact that Mr. Wilkins has not had an opportunity to respond.  The parties are to meet and confer on the issue.  To the extent that the parties cannot reach agreement, the proper time and place for GE to raise the issue is in the parties' joint pretrial statement and at the pretrial conference.

Having addressed all the issues raised by GE in its October 11, 2012 response, the Court now GRANTS summary judgment *sua sponte* in favor of Mr. Wilkins on the following claims:

1. GE's sixth and eighth claims for declaratory relief to the extent that those claims seek to preclude Mr. Wilkins from licensing the '565 patent; and
2. GE's third and eighth claims for declaratory relief to the extent that those claims seek to enforce any duty on the part of Mr. Wilkins to assign his rights to the '985 patent to GE.

IT IS SO ORDERED.

**Dated:   October 12, 2012**               /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE