IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GE ELECTRIC COMPANY, et al., | Case No. 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ORDER ON INTERVENORS' EX PARTE REQUEST FOR AN EXPEDITED HEARING REGARDING FURTHER DISCOVERY STEMMING FROM LATE-PRODUCED DOCUMENTS |
| vs. | |
| THOMAS WILKINS, | |
| Defendant. | (ECF No. 624) |
| _____/ | |

On October 12, 2012, Intervenors Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. (collectively "Mitsubishi"), along with Defendant Thomas A. Wilkins ("Mr. Wilkins") filed an ex parte request for an expedited hearing regarding further discovery stemming from late-produced documents. The late-produced document at issue involved a ten-page document that was produced by Plaintiffs General Electric Company and GE Wind Energy, LLC (collectively "GE") on September 27, 2012. Of the ten pages, four had been previously produced. As for the other six pages, some were generated in part by Mr. Wilkins.

On October 15, 2012, GE filed a response and the Court held a hearing regarding the matter. GE's position was that the late production of the document was an honest error. Mitsubishi and Mr. Wilkins, on the other hand, proceeded as if GE's belated production was a bad faith attempt to thwart legitimate discovery. However, during oral argument Mitsubishi and Mr. Wilkins conceded that they simply did not know whether the matter stemmed from an honest error versus bad faith thwarting of the discovery process.

1

1       Having considered the parties' submissions and the parties' arguments during oral argument, the

2  Court finds as follows:

3       1.    No bad faith has been shown on the part of GE.

4       2.    This matter pertains to a problem in the *production* of a document and not a problem –

5              initially or later – regarding the *search* for a document.  Thus, the method of the search

6              is of no relevance to the matter now before the Court.

7       3.    The late-produced document relates to a very limited area of factual discovery.

8       4.    The depositions of Lisa Moyles and Jim McGinness are properly to be taken this week

9              at the expedited court reporting expense of GE.

10      5.    It does not appear that it is appropriate to preclude any issue at trial, with one exception:

11              GE may not affirmatively use the six pages of the ten-page document that have not been

12              previously produced with any undeposed witness at trial.  There is no preclusion in

13              asking Mr. Wilkins about his own emails.  By "affirmatively," the Court means that GE

14              may not use the newly produced six pages with any undeposed witness on direct

15              examination.  Should any other party ask questions about the newly produced six pages,

16              the preclusion is lifted.

17  IT IS SO ORDERED.

18  **Dated:   October 15, 2012**             **/s/ Lawrence J. O'Neill**

19                            UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28