IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, et al., | Case No. 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ORDER ON THE PARTIES' OBLIGATIONS PRIOR TO THE PRETRIAL CONFERENCE THAT IS RESET FOR OCTOBER 26, 2012 AT 8:00 A.M. |
| vs. | |
| THOMAS WILKINS, | |
| Defendant. | |

On October 18, 2012, the parties submitted a revised joint pretrial statement. The joint pretrial statement incorrectly portrays a case in disarray. Counsel apparently believe that it is good practice to include within the anything-but-joint pretrial statement issues that they **wish** were still in the case. The Court disagrees and has neither time nor tolerance for such gamesmanship. Specifically, it appears that Mr. Wilkins and Mitsubishi have – as of the afternoon of October 17, 2012 – abandoned all of their claims with the exception of one: the correction of inventorship of the '985 patent pursuant to 35 U.S.C. § 256. Yet GE, purportedly caught off-guard, states that it is "unable to determine, with any certainty, how the removal of those claims by Mr. Wilkins and Mitsubishi would affect the proper scope and timing of trial. . . . Indeed, the parties continue to dispute the impact of these withdrawals on the trial." (ECF No. 644 at 7-8.) As such, the parties have included issues in the joint pretrial statement that no longer have any bearing on this case, including the issue of actual ownership of the '985 patent. This

is **unacceptable**. The Court will not entertain a pretrial conference when the parties themselves are either uncertain of the issues that are to be tried, or at least claim to be uncertain.

The only claim that remains is the 35 U.S.C. § 256 claim indicated above.

Accordingly, the Court instructs the parties as follows:

1. By no later than **noon on Tuesday, October 23, 2012**:

    A. Mr. Wilkins and Mitsubishi shall file formal notice with the Court confirming: (i) which claims they still intend to pursue at trial; (ii) what relief – including what declaratory relief, if any – they seek; and (iii) which claims and relief they are electing to abandon with prejudice. It appears that most of the confusion regarding whether ownership of the '985 patent is still at issue in this case stems from uncertainty as to what declaratory relief Mr. Wilkins and Mitsubishi seek. If Mr. Wilkins and Mitsubishi are seeking a declaration that Mr. Wilkins is a current owner of the '985 patent and has no duty to assign his rights to the patent, then ownership is at issue and GE should be allowed to offer evidence that Mr. Wilkins assigned his rights to the patent. On the other hand, if Mr. Wilkins and Mitsubishi are simply seeking a declaration that Mr. Wilkins is a co-inventor of the '985 patent (which appears to be the case), then the only issue to be tried is inventorship; the issue of actual ownership is irrelevant.

    B. Mr. Wilkins and Mitsubishi shall file formal notice with the Court clarifying which claims of the '985 patent are at issue in this case. At this point, it appears that claims 1-28 of the '985 patent are at issue.

    C. The parties shall provide the Court direct, clear, and concise legal authority on the issue of what effect, if any, the pending, incomplete patent reexamination process has in this case. Briefing on this matter is limited to 3 pages.

2. By no later than **4:00 p.m. on Wednesday, October 24, 2012**, the parties shall prepare and submit a legitimate, succinct, and distilled joint pretrial statement. The page limit is 20 pages. The parties need not readdress their dispute as to (1) whether Mr. Winland should testify as a fact witness; and (2) whether Mr. Wilkins and Mitsubishi should be

allowed to use the deposition testimony of Ralph Blakemore.  The parties will have the opportunity to file motions in limine on these matters to the extent that they believe that the issue must be resolved prior to trial.

3. The pretrial conference is reset for **Friday, October 26, 2012 at 8:00 a.m.**

4. The deadline for filing trial briefs is changed to October 31, 2012.

IT IS SO ORDERED.

**Dated:   October 22, 2012**                         /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

3