IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, et al., | Case No. 1:10-cv-00674 LJO JLT |
| Plaintiffs, | ORDER ON CERTAIN ISSUES RAISED IN CONNECTION WITH THE PRETRIAL CONFERENCE |
| vs. | |
| THOMAS WILKINS, | |
| Defendant. | |
| _____ / | |

On October 22, 2012, the Court ordered: (1) Mr. Wilkins and Mitsubishi to file formal notice confirming which claims and relief they intend to pursue at trial; (2) Mr. Wilkins and Mitsubishi to file formal notice clarifying which claims of the '985 patent are at issue in this case; (3) the parties to file furthing briefing on what effect the pending, incomplete patent reexamination process has on this case; and (4) the parties to file a revised, further distilled pretrial statement. Compliance occurred. The Court now rules on most of the issues raised in those submissions.

**1.      Patent Claims at Issue**

The parties dispute which claims of the '985 patent are at issue in this case. Mr. Wilkins and Mitsubishi assert that due to the "overlapping content" of the claims in the '985 patent, claims 1-12, 14-18, 20-30, and 32-45 are at issue in this case. GE maintains that Mr. Wilkins and Mitsubishi should be confined to litigating claims 1 and 15 because those claims were the ones discussed by Mr. Wilkins and Mitsubishi in their discovery responses and pretrial submissions.

1

1    GE's position is unpersuasive.  The interrogatory responses highlighted by GE focus on claims
2  1 and 15 of the '985 patent, but there is nothing to suggest that Mr. Wilkins and Mitsubishi meant this
3  to be to the exclusion of all other claims.  To the contrary, Mr. Wilkins maintained that his ideas were
4  "included by GE in the subject matter claimed in *at least* claim 1 and claim 15 of the '985 patent." (ECF
5  No. 650-2 at 4) (emphasis added).  Moreover, in its pretrial submissions, Mitsubishi indicated that it
6  disputed whether Mr. Wilkins made an inventive contribution to *any* of the 45 claims of the '985 patent.
7  (ECF No. 603-3 ¶¶ 68-69.)
8    Mitsubishi's position finds support in the pleadings.  According to his amended counterclaim,
9  Mr. Wilkins alleged that "[b]ased on his contributions to the subject matter . . . in claims 1 and 15-28,
10 Mr. Wilkins should have been identified as an inventor of the '985 patent." (ECF No. 241 ¶ 214).  Mr.
11 Wilkins also alleged that "[his] Lake Benton LVRT ideas, including the use of an uninterruptible power
12 supply during low voltage events, were used by GE as the basis for *at least* claim 1 of the '985 patent."
13 (Id. ¶ 207) (emphasis added).  This lends support to the more expansive scope advanced by Mitsubishi.
14 Accordingly, the Court concludes that claims 1-12, 14-18, 20-30, and 32-45 are at issue in this case.

15    **2.    Effect of the Patent Office Reexamination Process**

16    The parties dispute whether trial should be delayed due to the pending patent reexamination by
17 the United States Patent Office.  GE maintains that the court has discretion to stay the case under these
18 circumstances.  See P&G v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008).  A stay,
19 however, would not serve the interests of justice in this case.  As Mr. Wilkins and Mitsubishi point out,
20 the effect of the reexamination process does not become final until a reexamination certificate is issued,
21 a process that could take several years.  In the meantime, Mr. Wilkins and Mitsubishi have a real, present
22 interest in having Mr. Wilkins declared an inventor of the original '985 patent.  Among other reasons,
23 GE is currently suing Mitsubishi for infringing the original '985 patent.
24    GE also argues that there is no urgency to proceed to trial because Mr. Wilkins and Mitsubishi
25 cannot prevail on their correction of inventorship theory under their own version of the facts.  It would
26 be improper for the Court to make that factual determination at this juncture; that matter should have
27 been raised on summary judgment.  Accordingly, the Court concludes that the patent reexamination by
28 the United States Patent Office should not delay trial in this case.

### 3. Relevance of the ITC Action

GE opposes the introduction of the ITC decision and contends that discovery and testimony of witnesses during the ITC action are largely inadmissible. As the Court noted in its summary judgment order, ITC decisions are not binding on this Court. (ECF No. 581 at 3 n.1) (citing <u>Texas Instruments, Inc. v. United States Int'l Trade Comm'n</u>, 851 F.2d 342, 344 (Fed. Cir. 1998)). Thus, to the extent that Mr. Wilkins and Mitsubishi intend to introduce the ITC decision or other ITC rulings in this case they are precluded from doing so. The Court makes no determination at this time as to the admissibility of discovery or testimony taken in connection with the ITC action.

### 4. Relevance of the Sanctions Orders

Mr. Wilkins and Mitsubishi oppose the introduction of any evidence or argument regarding the discovery dispute at issue in the Court's June 22, 2012 and August 2, 2012 sanctions orders. The Court agrees. At issue in those orders was whether Mitsubishi failed to produce documents that related to a consulting agreement between Mitsubishi and Mr. Wilkins. While the consulting agreement itself may be relevant during trial, whether Mitsubishi deliberately failed to produce documents relating to the agreement is not.

### 5. Relevance of the Preliminary Injunction Order

Mr. Wilkins and Mitsubishi oppose the introduction of any evidence or argument regarding the preliminary injunction issued May 5, 2011. The Court agrees. The determinations made by the Court in connection with its decision to grant GE a preliminary injunction have no bearing on what findings the Court may make at trial.

### 6. Relevance of Evidence Pertaining to Assignment

Mr. Wilkins and Mitsubishi argue that GE should be precluded from introducing evidence or argument as to whether Mr. Wilkins assigned his inventions to GE, either expressly or impliedly. As noted above, the only issue to be tried in this case is whether Mr. Wilkins in an inventor of the '985 patent. Accordingly, the Court concludes that *all parties* are precluded from presenting evidence of assignment to the extent that such evidence has no bearing on the issue of inventorship.

### 7. Relevance of the Taiban Mesa Wind Farm

Mr. Wilkins and Mitsubishi oppose the introduction of any evidence as to whether Mr. Wilkins'

inventions are used by GE in wind turbines installed at the Tiaban Mesa wind farm. The Court agrees. Whether Mr. Wilkins' inventions are used in certain wind farms may have been relevant to the extent that Mr. Wilkins asserted a claim for unjust enrichment. However, Mr. Wilkins has since abandoned all of his claims for damages, and the Court cannot envision how this evidence is relevant to the only issue remaining in this case: inventorship.

### 8. Mr. Wilkins as a Witness

GE opposes the introduction of any opinion testimony at trial by Mr. Wilkins because he was not disclosed as a witness who would offer expert testimony at trial until May 3, 2012. GE indicates that it intends to file a motion in limine on this issue. The Court advises GE that if it does file a motion in limine on this issue, GE must specifically explain why it did not raise this issue earlier (i.e. 5 months ago, instead of 2 weeks before trial), and explain what prejudice GE will suffer if Mr. Wilkins is allowed to offer opinion testimony.

### 9. Protective Order

GE requests a protective order at trial with respect to (1) documents purportedly protected by attorney-client privilege; and (2) confidential business information. During the pretrial conference, GE must be prepared to state its position on whether it has effectively waived attorney-client privilege, as Mitsubishi contends. With respect to confidential business information, the Court is not prepared to grant GE a protective order at trial without GE first identifying the specific documents or trial exhibits GE seeks to protect. GE may re-file a specific request for a protective order, but GE is forewarned that the burden falls on GE to (1) timely file the request; and (2) to provide Mr. Wilkins and Mitsubishi a specific procedure for executing the protective order.

IT IS SO ORDERED.

**Dated:   October 25, 2012**           /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE