1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  GENERAL ELECTRIC COMPANY, et al.,          Case No. 1:10-cv-00674 LJO JLT
12                    Plaintiffs,              ORDER ON THE PARTIES' MOTIONS IN
                                               LIMINE
13          vs.
                                               (ECF Nos. 660, 662-67)
14  THOMAS WILKINS,
15                    Defendant.
16  _____/

17          Counter-plaintiff Thomas A. Wilkins ("Mr. Wilkins"), Intervenors Mitsubishi Heavy Industries,

18  Ltd. and Mitsubishi Power Systems Americas, Inc. (collectively "Mitsubishi"), and Counter-defendants

19  General Electric Company and GE Wind Energy, LLC (collectively "GE") are scheduled to begin trial

20  in this Court on November 6, 2012.  In accordance with the Court's October 26, 2012 pretrial order, the

21  parties filed seven motions in limine on October 29, 2012.  Having considered the parties submissions,

22  the Court rules on the motions in limine as follows.

23  **1.      Mr. Wilkins' Motion in Limine No. 1 (ECF No. 660)**

24          Mr. Wilkins moves to preclude GE from calling Thomas Winland, Mr. Wilkins' trial counsel,

25  as a witness at trial.  Mr. Wilkins argues that Mr. Winland has been fully deposed and that any relevant

26  testimony that Mr. Winland might provide can be found in Mr. Winland's deposition transcripts.  Mr.

27  Wilkins argues that allowing GE to call Mr. Winland as a witness at trial would therefore only serve as

28  an unnecessary distraction and would prejudice Mr. Wilkins.

                                               1

1    GE counters that Mr. Winland has unique information regarding Mr. Wilkins' credibility and

2    potential bias.  Specifically, GE emphasizes that prior to representing Mr. Wilkins in this action, Mr.

3    Winland represented Mitsubishi in negotiating consulting and license agreements regarding the '985

4    patent with Mr. Wilkins.  GE argues that it should be allowed to explore fully how these agreements

5    were reached in order to reveal any bias on the part of Mr. Wilkins.  As to prejudice, GE contends that

6    this situation is of Mr. Wilkins' own making because Mr. Wilkins chose to retain Mr. Winland as

7    counsel in this case despite the likelihood that Mr. Winland could be called as a witness at trial on what

8    were clearly relevant matters.

9    Ruling: This motion in limine is HELD IN ABEYANCE.  According to GE, Mr. Wilkins and

10   Mitsubishi have offered to stipulate to the admissibility of documents Mr. Winland sent and received

11   during the negotiations of the agreements.  This stipulation, in addition to a stipulation that the actual

12   agreements themselves are admissible, would appear to obviate the need to call Mr. Winland as a fact

13   witness at trial.  By no later than 1:00 p.m. EST on November 5, 2006, the parties shall file notice with

14   the Court as to whether they accept these terms.  Two lines should be sufficient, since it's either resolved

15   or it is not resolved.  The Court will otherwise revisit this issue on the first day of trial.

16   **2.    Mr. Wilkins' Motion in Limine No. 2 (ECF No. 665)**

17   Mr. Wilkins moves to preclude GE's expert, Dr. Scott A.M. Chambers, from offering testimony

18   at trial on three topics raised in his rebuttal expert report.  First, Mr. Wilkins argues that paragraphs 20,

19   30, 31, 34, 35, 43, 60, and 63-68 exceed the scope of proper rebuttal because they touch on matters that

20   are not discussed by Mr. Wilkins' retained expert, Mr. Nicolas P. Godici.  Second, Mr. Wilkins argues

21   that paragraphs 30, 31, 35, 43, 63, 65, and 66 contain information that is largely outside Dr. Chambers'

22   expertise and is based on nothing more than Dr. Chambers' personal experience.  Third, Mr. Wilkins

23   argues that paragraphs 63, 65, and 66 contain statements of law, which are improper subjects for an

24   expert witness to opine on.

25   GE counters that Dr. Chambers' expert report falls within the subject matter discussed by Mr.

26   Godici in his affirmative expert report.  GE attempts to tether paragraphs 20, 30, 31, 34, 35, 43, 60, and

27   63-68 to specific paragraphs in Mr. Godici's report.  GE also argues that Dr. Chambers' many years of

28   firsthand experience is what uniquely qualifies him to opine on the matters discussed in paragraphs 30,

1    31, 35, 43, 63, 65, and 66 of his report. Lastly, GE argues that nothing in the law precludes an expert

2    from referencing the law as context for his opinions.

3            Ruling: This motion in limine is HELD IN ABEYANCE in part and DENIED in part. *First*, as

4    to the scope of Dr. Chambers' rebuttal testimony, it is unclear what matters Mr. Wilkins' expert Mr.

5    Godici will testify on now that the issues in this case have been considerably narrowed. The Court will

6    therefore defer ruling on the proper scope of Dr. Chambers' rebuttal testimony until after Mr. Godici

7    testifies. *Second*, with respect Dr. Chambers' opinions that are purportedly based only on his personal

8    experiences, the Court declines to disqualify Dr. Chambers as an expert on these matters. Mitsubishi

9    and Mr. Wilkins may contest the weight that should be given to such opinions by attacking the factual

10   basis for Dr. Chambers' opinions during cross-examination. *Third*, Dr. Chambers will not be excluded

11   from testifying on matters contained in paragraphs 63, 65, and 66 on the basis that such are improper

12   statements of law. The Court notes, however, that paragraphs 63, 65, and 66 appear to have little, if any,

13   probative value as to Mr. Wilkins' inventive contributions to the '985 patent, the sole issue that is to be

14   tried in this case.

15   **3.      Mitsubishi's Motion in Limine No. 1 (ECF No. 666)**

16           Mitsubishi moves to preclude GE's technology expert, Dr. James Kirtley, from testifying at trial

17   for three reasons. *First*, Mitsubishi stresses that Dr. Kirtley was identified by GE as a rebuttal expert

18   to Mitsubishi's expert, Dr. Ronald Harley, yet Dr. Kirtley's report far exceeds the scope of Dr. Harley's

19   expert report. According to Mitsubishi, Dr. Harley's report was limited to whether certain documents

20   disclosed any of the claims of the '985 patent, whereas Dr. Kirtley's report provides a long narrative of

21   what is essentially GE's theory of the case. Mitsubishi argues that GE has used Dr. Kirtley's rebuttal

22   expert report as a guise for an affirmative expert report. *Second*, Mitsubishi contends that Dr. Kirtley

23   improperly draws a conclusion of law when he opines in his report that Mr. Wilkins is not an inventor

24   of the '985 patent. *Third*, Mitsubishi argues that Dr. Kirtley's narrative improperly makes credibility

25   and factual determinations.

26           GE counters that Mitsubishi's view of rebuttal reports is too narrow. GE asserts that a rebuttal

27   report need only address the same *subject matter* as the affirmative expert report. In GE's view, Dr.

28   Harley's and Dr. Kirtley's expert reports address the same general subject matter: inventorship of the

1   '985 patent.  Next, GE argues that Dr. Kirtley's expert report does not amount to a bare legal conclusion

2   regarding inventorship; rather it addresses the underlying basis for that conclusion (i.e., whether Mr.

3   Wilkins made an inventive contribution to the '985 patent).  Finally, GE maintains that the facts upon

4   which Dr. Kirtley will rely on while testifying at trial will first be established through the testimony of

5   other witnesses.

6          Ruling: This motion in limine is GRANTED in part and DENIED in part.  The Court finds that

7   Mitsubishi's definition of rebuttal is too narrow and GE's definition is too broad.  Federal Rule of Civil

8   Procedure 26 permits rebuttal expert testimony intended to contradict or rebut evidence on the "same

9   subject matter identified by another party . . . ."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  In the context of this

10  case, the subject matter of Dr. Harley's report is the inventive contributions of Mr. Wilkins to the '985

11  patent.  Thus, Dr. Kirtley may properly discuss as a rebuttal expert any issues relevant to the inventive

12  contributions of Mr. Wilkins that Dr. Harley may have omitted or that Dr. Kirtley disputes.  This does

13  not mean that there are no parameters to the subject matter.

14         With respect to improper legal conclusions, an expert may testify on the underlying facts that

15  relate to inventorship (i.e., whether Mr. Wilkins made certain inventive contributions), but the expert

16  may not explicitly opine whether, as a purely legal matter, Mr. Wilkins should or should not be named

17  an inventor of the '985 patent.  Accord Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207,

18  1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to the facts that, if found, would support

19  a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal

20  standard has been satisfied.").

21         Finally, Dr. Kirtley is not precluded from drawing opinions from disputed facts.  Rather, Dr.

22  Kirtly shall specifically identify any disputed facts underlying his opinions so that Mitsubishi may, on

23  cross-examination, question his factual assumptions.  Accord Micro Chem., Inc. v. Lextron, Inc., 317

24  F.3d 1387, 1392 (Fed. Cir. 2003) (explaining that when a party's expert relies on a conflicting version

25  of the facts, the proper way to challenge such an expert is through cross-examination of the expert and

26  by introducing other experts to testify on the other version of the facts).

27  **4.     Mitsubishi's Motion in Limine No. 2 (ECF No. 667)**

28         Mitsubishi moves for a court order allowing it to introduce corroborating evidence supporting

4

Mr. Wilkins' claim to inventorship.  Mitsubishi challenges GE's suggestion in its pretrial papers that correction of inventorship under 35 U.S.C. § 256 is limited to a purely objective and technical inquiry and protests any effort by GE to exclude any "documents and testimony relating to the prosecution of the '985 patent application before the U.S. Patent and Trademark Office ("PTO"), including information relating to the 'subjective state of mind' of witnesses involved in the prosecution of the '985 patent . . . ."  (ECF No. 667 at 2) (quoting ECF No. 653 at 3.)

GE counters that corroborating evidence of inventorship is limited and must specifically address the purported inventor's inventive contribution to the patent.  GE suggests that Mitsubishi's anticipated evidence regarding the PTO prosecution simply does not satisfy this requirement.  GE also suggests that Mitsubishi is simply attempting to "inject untried ownership issues into the case," which GE protests. (ECF No. 683 at 5.)

Ruling: This motion in limine is DENIED.  *Both* Mitsubishi and GE discuss evidence in purely conceptual, abstract terms.  Neither Mitsubishi nor GE identifies specific evidence that is at issue.  The Court declines to preclude or admit evidence on this basis.  The Court rules only on specifics, not broad concepts.[1]

## 5.   GE's Motion in Limine No. 1 (ECF No. 662)

GE moves to preclude Mr. Wilkins and Mitsubishi from calling Shunji Nakamura as a witness at trial.  GE maintains that Mr. Nakamura's testimony is irrelevant because his deposition testimony establishes that (1) he has no personal knowledge relevant to the issue of inventorship; and (2) he has extremely limited knowledge with respect to the consulting and licensing agreements reached between Mitsubishi and Mr. Wilkins.

Mr. Wilkins and Mitsubishi agree with GE that Mr. Nakamura has no knowledge on the issue of inventorship.  However, Mr. Wilkins and Mitsubishi argue that Mr. Nakamura has relevant personal knowledge of the agreements reached between Mr. Wilkins and Mitsubishi.  As such, Mr. Wilkins and Mitsubishi insist that Mr. Nakamura should be allowed to testify at trial to the extent that GE intends to introduce the agreements as evidence of Mr. Wilkins' bias.

---

[1] The Court notes GE's concern raised in this motion in limine that Mitsubishi intends to dive into issues that are unrelated to this case for use in other pending lawsuits between the two.  The Court shares this concern with respect to *all* the parties.  The Court therefore forewarns all the parties that such will not be tolerated at trial.

1    <u>Ruling</u>: This motion in limine is GRANTED.  Mr. Nakamura's deposition testimony makes it

2    clear that he recalls little about the agreements between Mr. Wilkins and Mitsubishi other than the fact

3    that the agreements were reached.  (<u>See</u> ECF No. 677-2 at 96:7-97:17.)  Therefore, unless there is an

4    issue regarding the admissibility of the actual agreements, Mr. Nakamura will not be allowed to testify

5    at trial.  His testimony has little probative value and is cumulative to the extent that it is relevant.  <u>See</u>

6    Fed. R. Evid. 403.

7    **6.      GE's Motion in Limine No. 2 (ECF No. 663)**

8           GE requests a trial protective order over documents and exhibits that it maintains are (1) highly

9    confidential, proprietary business information; and (2) attorney-client communications produced earlier

10   in this litigation under a limited waiver agreement with Mitsubishi and Mr. Wilkins.  GE suggests that

11   trial will include various documents that are highly valuable and critical to the competitive advantage

12   that GE enjoys with respect to wind turbine technology.  Regarding its attorney-client communications,

13   GE argues that it did not intend to waive its privilege as to the world when it agreed to produce certain

14   privileged documents to Mitsubishi and Mr. Wilkins as part of a limited waiver agreement the parties'

15   reached in February 2012.

16          Mitsubishi and Mr. Wilkins argue that a protective order is not warranted.  Mitsubishi and Mr.

17   Wilkins argue that: (1) GE has failed to identify any specific business documents that would be subject

18   to the protective order; (2) GE's proposed mechanism for identifying documents to be protected is too

19   unwieldy; and (3) GE voluntarily waived its attorney-client privilege when it agreed to produce certain

20   privileged documents pursuant to the parties' February 2012 agreement.

21          <u>Ruling</u>: GE's request for a trial protective order is DENIED.  *First*, the Court does not find the

22   requisite compelling reason for sealing GE's proprietary business information.  The strong presumption

23   in favor of public access to judicial records and proceedings may only be overcome by a showing that

24   there are compelling reasons to do so.  <u>See</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172,

25   1179 (9th Cir. 2006); <u>Phoenix Newspapers v. United States Dist. Court</u>, 156 F.3d 940, 949 (9th Cir.

26   1998).  GE has failed to make that showing.  The Court previously advised GE that it "is not prepared

27   to grant GE a protective order at trial [with respect to its purported confidential business information]

28   without GE first *identifying the specific documents or trial exhibits GE seeks to protect*."  (ECF No. 654

6

at 4) (emphasis added).  Yet GE has renewed its request for a sealing order without identifying specific documents or trial exhibits it seeks to protect.  Instead, GE simply states that its confidential business information includes documents relating to wind turbine converter and turbine controls, programming notes and explanations, schematics, logic diagrams, parameter lists and internal tests, and concept and implementation reports.  This vague, general list will not suffice, as the Court is left to simply guess as to whether certain information warrants protection.

*Second*, the Court agrees with Mitsubishi and Wilkins that GE has voluntarily waived its attorney-client privilege over the documents produced pursuant to the parties' February 2012 discovery agreement.  GE cannot voluntarily agree to disclose privileged information to one third party and still claim that its privilege has been preserved.  See Pacific Pictures Corp. v. United States Dist. Court, 679 F.3d 1121, 1127-28 (9th Cir. 2012); Genentec, Inc. v. United States Int'l Trade Commission, 122 F.3d 1409, 1416-18 (Fed. Cir. 1997).  A protective order is therefore not warranted.[2]

**7.      GE's Motion in Limine No. 3 (ECF No. 664)**

GE moves to preclude Mr. Wilkins from offering expert opinion testimony at trial.  GE argues that on May 3, 2012, almost a month after the deadline for expert disclosures, Mitsubishi sent a letter to GE stating that Mr. Wilkins intended to offer expert opinions.  GE maintains that the late disclosure is prejudicial because GE was unable to take discovery of Mr. Wilkins' anticipated expert opinions, was unable to produce timely rebuttal expert testimony, and was not even provided with an expert report satisfying Federal Rule of Civil Procedure 26.  GE also argues that Mr. Wilkins should not be allowed to offer expert testimony because he is an interested party.

Mr. Wilkins and Mitsubishi clarify that Mr. Wilkins will not testify as an expert witness during trial; rather, Mr. Wilkins will testify as a percipient fact witness on wind turbine technology, including his work with wind turbine technology and his claimed contributions to the '985 patent.  Mr. Wilkins and Mitsubishi assert that GE has had ample opportunity to take fact discovery on these matters.  As to Mitsubishi's May 3, 2012 notice to GE, Mr. Wilkins and Mitsubishi explain that such was done only

---

[2] GE's objection is noted.  At this time, the Court declines to define the precise contours of GE's waiver because it does not appear necessary to do so in this case.  As a general matter, however, the scope of a waiver of attorney-client privilege extends to "all other communications relating to the same subject matter."  Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1349 (Fed. Cir. 2005).

1 | in an abundance of caution.

2 |      <u>Ruling</u>: This motion in limine is DENIED as moot.  Mr. Wilkins and Mitsubishi have made it

3 | clear that Mr. Wilkins' testimony at trial will be confined to non-expert testimony, which is permissible

4 | under Federal Rule of Evidence 701.  The Court expects that Mr. Wilkins' testimony will remain within

5 | those parameters.

6 | IT IS SO ORDERED.

7 | **Dated:   November 2, 2012**          **/s/ Lawrence J. O'Neill**
                                UNITED STATES DISTRICT JUDGE

8