William F. Lee (*pro hac vice*)
Richard W. O'Neill (*pro hac vice*)
Elizabeth Reilly (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Sydenham B. Alexander, III (*pro hac vice*)
Alexandra C. Boudreau (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6336

Andrea Weiss Jeffries (Bar No. 180408)
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
(213) 443-5397

James L. Quarles, III (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania, Ave., NW
Washington, DC 20006
(202) 663-6236

Lowell T. Carruth (Bar No. 34065)
McCormick Barstow Sheppard Wayte and Carruth LLP
5 River Park Place East
P.O. Box 28912
Fresno, CA  93729-8912
(559) 433-1300

Attorneys for Counter-Defendants General Electric Company and GE Wind Energy, LLC

Filiberto Agusti (*pro hac vice*)
James Hibey (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Seth A.Watkins (*pro hac vice*)
Jeffrey M. Theodore (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
Phone:  (202) 429-3000

Michael P. McNamara (Bar No. 106079)
Dylan Ruga (Bar No. 235969)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Phone:  (310) 734-3200

Donald R. Fischbach (Bar No. 053522)
Steven D. McGee (Bar No. 71886)
David J. Weiland (Bar No. 160447)
DOWLING AARON INC.
8080 North Palm Avenue, Third Floor
Fresno, California 93711
Tel: (559) 432-4500

Attorneys for Intervenors
Mitsubishi Heavy Industries, Ltd. and
Mitsubishi Power Systems Americas, Inc.

Thomas W. Winland (*pro hac vice*)
Tyler M. Akagi (*pro hac vice*)
Finnegan Henderson Farabow Garrett and Dunner, LLP
901 New York Avenue NW
Washington, DC  20001
(202) 408-4085

William C. Hahesy (Bar No. 105743)
Law Offices of William C. Hahesy
225 West Shaw Avenue
Suite 105
Fresno, CA  93704
(559) 579-1230

Attorneys for Plaintiff Thomas A. Wilkins

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, a New York corporation; and GE WIND ENERGY, LLC, a Delaware limited liability company, | ) ) ) ) ) | 
| Plaintiffs and Counter-Defendants, | ) ) |
| vs. | ) ) |
| THOMAS WILKINS, an individual, | ) ) |
| Defendant and Counter-Plaintiff. | ) |

**Case No. CV 10-00674-LJO-JLT**

**JOINT STIPULATION AND ORDER REGARDING TRIAL DISCLOSURES**

Counter-Plaintiff Thomas Wilkins, Counter-Defendant General Electric Company and GE Wind Energy, LLC; and Intervenors Mitsubishi Heavy Industries, Ltd. and Mitsubishi Power Systems Americas, Inc. met and conferred regarding various filings and exchanges to take place prior to and during trial of the above-captioned matter.  The parties hereby set forth their agreements in this regard:.

**<u>Deposition Designations:</u>**

   1.  The parties anticipate that the deposition designations that they will seek to introduce into evidence may be narrower in scope than those filed and served on October 30 and November 1.  Accordingly, the parties have agreed upon the following procedure:

- No later than Noon Pacific Time, 2 days prior to the intended presentation of deposition testimony at trial on direct examination, the party intending to introduce the testimony shall disclose to the other parties the specific page(s) and line numbers to be presented at trial.  Such designations shall be provided as highlighted texts in the transcripts as well as by means of numerals identifying pages and lines. To the extent Mr. Wilkins and Mitsubishi intend to present deposition testimony

from the same transcript, they will provide to GE their highlighting on the same transcript.  Any designations sought to be played or read in court shall be identified as such.

- The opposing party(ies) will provide specific counter-designations (i.e., pages and line numbers) and objections to any deposition testimony by 6:00 pm Pacific Time the day after receiving the designations (which will be 6:00 pm Pacific Time one day prior to the date the offering party intends to present the testimony), except that any counter-designations to be played as video must be identified by Noon Pacific time the day after receiving the designations.   Such counter-designations shall be identified in the previously-marked transcripts in a different shade than the shades used for the original designations, and shall also be identified separately with specific page and line numbers.   To the extent Mr. Wilkins and Mitsubishi intend to counter-designate  testimony from the same transcript, they will provide to GE their highlighting on the same transcript.

- The offering party will provide any objections to counter-designations by 10:00 pm Pacific Time the same day the counter-designations are provided (i.e., the day prior to the date the offering party intends to present the testimony).

- The offering party shall present to the Court at 8:30 am Pacific Time or earlier on the day following the completion of all designations and objections the full set of designations intended to be presented at trial (both in pleading form with specific page and line numbers and the full set of highlighted transcripts) and any remaining objections.  On the first day of trial, the parties will inquire of the Court as to the procedures to be followed for the submission of designations and objections.

- The parties will raise with the Court any outstanding objections to the deposition designations at 8:30 am Pacific Time the day the offering party intends to present the testimony, or at such time that the Court is willing to entertain discussion of the objections prior to the presentation of the deposition testimony at trial.

**Witnesses:**

- No later than 8:30 am the day prior to the day a witness is expected to be called live on direct examination, the offering party will identify that witness to the other parties.

**Exhibits:**

- No later than 8:00 pm Pacific Time the day before the day a witness is expected to be called live on direct examination, the offering party will disclose to the other parties the list of exhibits that are intended to be used on direct examination with that witness.

- For good cause, a party may supplement its 8:00 pm exhibit list with exhibits it did not reasonably anticipate using with a witness by no later than one hour prior to the calling of the witness to the stand.  With regard to exhibits that will be presented by deposition testimony, the offering party will provide a list of any such exhibits along with their initial designations at Noon Pacific Time, 2 days prior to the date the offering party intends to offer the testimony (see above).  A list of exhibits that will be presented by deposition counter-designations or rebuttal designations will be provided at the same time as those designations (see above).

- The parties will provide any remaining objections to any exhibits by 10:00 pm Pacific Time the day prior to the day the offering party has indicated it intends to offer the exhibits.

- The parties will raise with the Court any outstanding objections to exhibits at 8:30 am Pacific Time the day the offering party intends to offer the exhibits, or at such time that the Court is willing to entertain discussion of the objections prior to the offering of the exhibits at trial.

**Demonstratives:**

- The parties will exchange demonstratives to be used in opening statements by 6:00 pm Pacific Time the night before opening statements.  The parties will provide any objections to such demonstratives by 8:00 p.m. Pacific Time on the day before opening statements.

- A party will provide demonstrative exhibits to be used in connection with direct examination by 8:00 pm Pacific Time the day before their intended use, and objections will be provided no later than 10:00 pm Pacific Time the night before their intended use.

- The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD or CD, or electronically via email or FTP.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

- This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be

provided to the other side in advance of their use.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

- If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.

Dated:  November 4, 2012          By:   /s/  Tyler M. Akagi
                                        Thomas W. Winland (*pro hac vice*)
                                        Tyler M. Akagi (*pro hac vice*)
                                        Finnegan Henderson Farabow Garrett and Dunner, LLP
                                        901 New York Avenue NW
                                        Washington, DC 20001
                                        Attorneys for Thomas A. Wilkins

Dated:  November 4, 2012					By:   /s/  Dylan Ruga
							Filiberto Agusti (*pro hac vice*)
							James Hibey (*pro hac vice*)
							Andrew J. Sloniewsky (*pro hac vice*)
							Seth A.Watkins (*pro hac vice*)
							Jeffrey M. Theodore (*pro hac vice*)
							STEPTOE & JOHNSON LLP
							1330 Connecticut Ave., NW
							Washington, DC  20036
							Phone:  (202) 429-3000
							Facsimile:  (202) 429-3902
							Email:  fagusti@steptoe.com

							Michael P. McNamara (Bar No. 106079)
							Dylan Ruga (Bar No. 235969)
							STEPTOE & JOHNSON LLP
							2121 Avenue of the Stars, Suite 2800
							Los Angeles, CA 90067
							Phone:  (310) 734-3200
							Facsimile:  (310) 734-3300
							Email: druga@steptoe.com

							Donald R. Fischbach (Bar No. 053522)
							Steven D. McGee (Bar No. 71886)
							David J. Weiland (Bar No. 160447)
							DOWLING AARON INC.
							8080 North Palm Avenue, Third Floor
							Fresno, California 93711
							Tel: (559) 432-4500
							Fax: (559) 432-4590
							dfischbach@dowlingaaron.com

							Attorneys for Intervenors
							Mitsubishi Heavy Industries, Ltd. and
							Mitsubishi Power Systems Americas, Inc.


Dated:  November 4, 2012					By:   /s/  Sydenham B. Alexander, III
							William F. Lee (*pro hac vice*)
							Richard W. O'Neill (*pro hac vice*)
							Elizabeth M. Reilly (*pro hac vice*)
							Louis W. Tompros (*pro hac vice*)
							Sydenham B. Alexander, III (*pro hac vice*)
							Alexandra C. Boudreau (*pro hac vice*)
							Wilmer Cutler Pickering Hale and Dorr LLP
							60 State Street
							Boston, MA 02109

Andrea Weiss Jeffries (Bar No. 180408)
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
(213) 443-5397

James L. Quarles, III (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania, Ave., NW
Washington, DC 20006
(202) 663-6236

Attorneys for Counter-Defendant General Electric Company and GE Wind Energy, LLC

**ORDER**

This matter coming before the Court on stipulation of the parties, it is hereby ORDERED that the parties shall comply with the procedures set forth in their stipulation with respect to information exchanges involving witnesses, deposition designations, and trial exhibits.

IT IS SO ORDERED.

Dated:   **November 5, 2012**               **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE